RUDOLPH SENN *et al.*

*v.*

GUSTAV A. GRUENDLING.

*Opinion filed December 20, 1905.*

1. APPEALS AND ERRORS—*when freehold is involved.* A freehold is involved, on appeal from an order admitting will to probate, even though the will does not, in terms, devise real estate, if it appears from the record that the deceased owned real estate which would pass under the residuary clause of the will.

2. WILLS—*when an order denying probate is not res judicata.* Dismissal of an appeal to the circuit court from an order of the county court denying probate of a will leaves the judgment of the county court in full force; but if the proponent chooses to dismiss his petition in the circuit court then the whole proceeding is at an end and there is no bar to a new proceeding.

3. SAME—*on appeal to circuit court party may establish will by any competent proof.* On appeal to the circuit court from an order of the county court denying probate the proponent may support the will by any evidence competent to establish a will in chancery, that is, by any evidence which proves the requisites of a valid will.

4. SAME—*requisites of a valid will.* The requisites of a valid will of a person competent to make a will are, that it shall be reduced to writing and signed by the testator or by some person in his presence and by his direction, and attested in the presence of the testator by two or more credible witnesses.

5. SAME—*when order admitting will to probate will be upheld.* Where one subscribing witness testifies that the testator signed the will in the presence of the witnesses and the other witness testifies to the contrary, but the testimony of the latter is contradicted by his own affidavit made in the county court, the action of the circuit court in holding that the will was signed by the testator in the presence of the witnesses (which was the only controverted question of fact) and in admitting the will to probate will be upheld.

APPEAL from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

GEORGE C. REBHAN, for appellants.

H. R. HEIMBERGER, guardian *ad litem* for the unknown heirs.

WEBB & WEBB, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John Senn, of St. Clair county, died on March 6, 1904, leaving no widow or child, and his heirs-at-law were his brothers and sisters, nieces and nephews. On March 9, 1904, the appellee, who was named as executor in an instrument purporting to be the last will of John Senn, filed his petition in the county court for the probate of said instrument as such will. Probate was denied and petitioner appealed to the circuit court. After the evidence was heard in the circuit court, but before judgment, the court, on motion of the petitioner, dismissed the proceeding and granted leave to withdraw the petition. On November 21, 1904, the public administrator of said county applied for letters of administration, alleging in his petition that the deceased died seized and possessed of a farm in Perry county and personal property, and letters were thereupon issued to the public administrator. On December 16, 1904, appellee filed a new petition and made a second application for the probate of the will. Appellants, who were heirs-at-law and contestants in the proceeding, moved the court to dismiss the petition on the ground that the former judgment refusing probate was still in force. The motion does not seem to have been acted upon, and the cause was again heard in the county court and probate of the will was refused. From that judgment the petitioner again appealed to the circuit court. In the circuit

court the contestants renewed their motion to dismiss the petition on the ground that the question of probate was *res judicata,* but the motion was denied. A hearing was had and the will was admitted to probate. From that judgment an appeal was taken to this court.

Appellee asks us to dismiss the appeal on the ground that no freehold is involved. The will does not, in terms, devise real estate, but it sufficiently appears from the record that the decedent owned real estate which was devised by' the residuary clause, and that a freehold is involved.

It is first contended by appellants that the circuit court erred in refusing to dismiss the petition, on the ground that the judgment of the probate court was still in force and the question of the validity of the will was *res judicata.* Any person interested in the probate of a will may exhibit the same in the county court and petition the court for the probate thereof, and the person instituting such proceeding becomes the proponent of the will. Any party interested in the alleged will may appear and resist the probate, and he thereby becomes a contestant. The petitioner has a right to control his own petition and to dismiss it whenever he chooses. When there is a decision by the county court, any person interested in the will may appeal to the circuit court. The party taking an appeal has a right to control his appeal and to dismiss it at his pleasure, and in that event the judgment of the probate court is left in full force and effect. (*In the matter of Storey,* 120 Ill. 244.) The judgment of the county court is superseded by an appeal, and if the petition is dismissed in the circuit court the whole proceeding is at an end and there is no bar to a new proceeding. (*Thompson* v. *Owen,* 174 Ill. 229.) The petitioner has the same right to dismiss the petition in the circuit court as in the county court. In this case the petitioner did not dismiss his appeal, but did dismiss his petition as he had a right to do. The proceeding was thereby ended, and the circuit court did not err in refusing to dismiss the second petition.

It is next contended that the evidence produced did not warrant the circuit court in admitting the will to probate. The requisites to a valid will of a person competent to make a will are, that it shall be reduced to writing and signed by the testator or testatrix, or by some person in his or her presence and by his or her direction, and attested in the presence of the testator or testatrix by two or more credible witnesses. Upon an application to the county court for the probate of a will these facts must be proved by at least two subscribing witnesses. In case probate of the will is refused by the county court and an appeal is taken to the circuit court, it is then lawful for the parties seeking the probate of the will to support the same, on the hearing, by any evidence competent to establish a will in chancery. (*Thompson* v. *Owen, supra; Masonic Orphans' Home* v.. *Gracy,* 190 Ill. 95; *Webster* v. *Yorty,* 194 id. 408.) Formerly, in England, the only method of establishing a will devising real estate was by a bill in chancery, and in case of an appeal from a judgment of the county court refusing probate our statute authorizes proof of the necessary facts by the same kind of evidence as though the proceeding were in chancery. The parties seeking probate are not confined to the testimony of the subscribing witnesses, but may establish the will by any evidence which proves the necessary facts above stated. In this case the only question of fact in dispute was whether the testator signed the will in the presence of the witnesses. He wrote the will himself and signed it at some time. The witnesses signed it in his presence and at his request. His signature was proved to be in his handwriting, and that fact is not disputed. He called in two of his neighbors, Peter Armbruster and Adam Jung, as witnesses, and they were the only parties present at the execution of the will. When the witnesses came in the paper was lying on a table. It was in the daytime, and he told them that he wanted them to sign the will as witnesses. He said that it was his will and one that he had made out. Jung

could not read or write. He testified that the will was lying there on a table before the testator and the witnesses; that the testator sat down to write and said that he was going to write his name or the will would not be good; that he took a pen and signed the will in the presence of both witnesses. Jung could not read the name or tell whether it was the testator's name or not, but both witnesses identified the paper and there is no dispute as to its identity. Both witnesses testified that the testator requested them to sign the will; that Armbruster signed his name at the left-hand side of the paper, opposite where the testator's name appeared when the will was offered for probate; that Jung, being unable to write, requested Armbruster to sign his name, and Armbruster did so. Armbruster testified that the testator had the paper in his hand when the witnesses came in, and read it to them; that he took no notice whether the testator had a pen in his hand afterwards, but that testator's name was not subscribed to the will when he signed it. The petitioner introduced in evidence an affidavit made by Armbruster in the county court, stating that the will was signed by the testator in his presence and showing a full compliance with all the statutory requirements to constitute a valid will. There was also testimony that the affidavit was filled out and read to the witness, and that he took it and read it, or appeared to do so, and then said it was all right and signed his name to it. On the controverted question of fact one of the subscribing witnesses testified that the testator signed the will in the presence of the subscribing witnesses. The other one testified that he did not, but he was contradicted by his own affidavit made in the county court. We cannot say that the court, who saw and heard the witness, erred in concluding that the statement made in the affidavit was true and that he was mistaken in his testimony on the trial.

The judgment is affirmed.　　　*Judgment affirmed.*