### Langford R. Greene, Appellant, v. Burton H. Hitchcock.

#### Gen. No. 4,953.

1. APPEALS AND ERRORS—*what order final and appealable.* An order dismissing a petition to probate a will is final and appealable.

2. PRACTICE—*right of petitioner to dismiss application for probate of will.* A party petitioning for the probate of a will may dismiss the petition even after appeal taken and pending in the Circuit Court.

Petition for probate of will. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

JUDSON STARR and WINSLOW EVANS, for appellant.

SHEEN & MILLER, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Phœbe Rose died September 14, 1904, leaving an instrument purporting to be her last will, in which Burton H.

Hitchcock was named as executor. He presented it to the Probate Court of Peoria county with a petition that it be admitted to probate, declining himself to act as executor, but asking that Jefferson R. Greene, eldest brother of deceased, be appointed in his stead. Notice was given to the heirs and legatees. On October 20, 1904, Hitchcock filed a new petition, following the former petition except in the particular of his refusal to act as executor, which refusal he withdrew. At the February term, 1905, of said court, there was a hearing and the will was admitted to probate, and from that order Langford R. Greene, a brother and heir at law of deceased, who took nothing under the will, appealed to the Circuit Court, where the will was again admitted to probate. The cause was then appealed to the Supreme Court, where the judgment of the Circuit Court probating the will was reversed and the cause remanded to the Circuit Court. During another hearing in the Circuit Court, but before its conclusion, the proponent Hitchcock filed a written motion asking leave to dismiss the proceedings. Thereupon Langford R. Greene, appellant here, filed a cross motion to strike the motion for leave to dismiss from the files, supporting his motion by an affidavit. This motion the court overruled and allowed the motion to dismiss and entered an order directing the clerk of the Circuit Court to turn over all papers and files in the case to the Probate Court, and ordered that appellant recover from appellee, the executor of the last will of Phœbe Rose, deceased, his costs and charges in that behalf expended, said costs to be paid in due course of administration. Langford R. Greene, appellant in the Circuit Court, prosecutes this further appeal.

Hitchcock, appellee here, moved to dismiss this appeal and the motion was taken with the case. The motion is denied for the reason that in our opinion the order dismissing the proceedings was final and therefore appealable.

It was the contention of appellant, Greene, in the Circuit Court at the last hearing, that by the appeal the question of the probate of the will had been committed to the jurisdiction of the Circuit Court, and the parties in interest being

before the court, that under the act of 1897, while the proponent might obtain some order relieving him from any future responsibility for costs, he could not dismiss the proceedings nor deprive the court of jurisdiction to pass upon the question whether or not the will should be admitted to probate, and that the court erred in permitting the proceeding to be dismissed but should have retained jurisdiction and proceeded to hear and decide the case.

Interesting arguments have been made by counsel for the respective parties on the question whether or not the person who petitions to the Probate Court for the probate of a will may after the case has reached the Circuit Court on appeal by some other party in interest, dismiss the proceedings.

We find ourselves relieved from the necessity of considering these arguments and the authorities cited in support thereof by the decision in Senn v. Gruendling, 218 Ill., 458. In that case the executor of the will of one John Senn filed his petition in the County Court for probate of said instrument. Probate was denied and the petitioner appealed to the Circuit Court. After the evidence was heard in the Circuit Court, but before judgment, the court on motion of the petitioner, dismissed the proceeding and granted leave to withdraw the petition. Later, the public administrator of the county applied for letters of administration, which were issued to him. Still later, the executor filed a new petition making a second application for probate of the will. Some of the heirs at law who were contestants moved to dismiss the petition on the ground that the former judgment refusing probate was still in force. This motion was not acted upon, and the cause was again heard, and probate of the will refused. In the Circuit Court on appeal, by the petitioner, the contestants renewed their motion to dismiss on the ground that the question of probate was *res adjudicata,* but the motion was denied. A hearing was had in the Circuit Court and the will was admitted to probate. From that judgment an appeal was taken to the Supreme Court. Error was assigned on the refusal of the Circuit Court to dismiss the petition on the motion of the contestants.

The court in passing on the question raised by this assignment of error said: "Any person interested in the probate of a will may exhibit the same in the County Court and petition the court for probate thereof, and the person instituting such proceedings becomes the proponent of the will. Any party interested in the alleged will may appear and resist the probate and he thereby becomes a contestant. The petitioner has a right to control his own petition and to dismiss it whenever he chooses. When there is a decision by the County Court, any person interested in the will may appeal to the Circuit Court. The party taking an appeal has a right to control his appeal and to dismiss it at pleasure, and in that event the judgment of the Probate Court is left in full force and effect. (In the matter of Storey, 120 Ill., 244.) The judgment of the County Court is superseded by an appeal and if the petition is dismissed in the Circuit Court, the whole proceeding is at an end and there is no bar to a new proceeding. (Thompson v. Owen, 174 Ill., 229.) The petitioner has the same right to dismiss the petition in the Circuit Court as in the County Court." In Schofield v. Thomas, 231 Ill., 114, it is held that the petitioner has the right to control his petition, and the appellant has the like right to control his appeal.

In this case the petitioner dismissed the petition to probate the will, and such dismissal of the petition terminates the whole proceeding and is not a bar to a new proceeding.

By appellant's argument we are asked in effect to hold that the Supreme Court did not mean what it said in Senn v. Gruendling, *supra,* and we are urged to overrule that decision, which we have neither the authority nor the inclination to do. Evidently the Circuit Court followed that decision and it is equally binding upon us.

The order of the Circuit Court is therefore affirmed.

*Affirmed.*