BURTON H. HITCHCOCK, Appellee, *vs.* LANGFORD R. GREEN, Appellant.

*Opinion filed June 18, 1908.*

WILLS—*petition to probate will may be dismissed by petitioner against objection of adverse party.* Since the act of 1897, providing for a petition and notice, a proceeding to probate a will is a proceeding *inter partes* in all of its stages, and the petitioner may, at any time before final judgment, dismiss the petition, either in the county court or the circuit court, over the objection of the party contesting the probate.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

JUDSON STARR, and WINSLOW EVANS, for appellant.

SHEEN & MILLER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Burton H. Hitchcock presented to the probate court of Peoria county an instrument purporting to be the will of Phebe Rose, deceased, together with his petition for its admission to probate. From an order admitting the will to probate Langford R. Green, a brother and one of the heirs of the deceased, appealed to the circuit court, where the will was again admitted to probate. On an appeal to the Su-

preme Court the order of the circuit court was reversed and the cause remanded. After remandment a hearing of the cause was begun in the circuit court, the evidence of the respective parties was introduced, and the court, upon submission of the cause, had intimated a decision adverse to the probate of the will but had entered no order, when the appellee asked the court to proceed no further until he could determine whether or not he would move to dismiss his petition. The appellant objected and insisted that the court should proceed to enter judgment, but the court postponed the cause until the following day to give appellee time to determine upon his course. The next day appellee moved to dismiss his petition, and appellant objected and moved to strike appellee's motion from the files. The court denied appellant's motion and sustained appellee's, and ordered the papers and files in the cause returned to the clerk of the probate court. The Appellate Court affirmed this order, and the appellant has appealed to this court.

The only question presented by the record is whether a petitioner for the probate of a will may dismiss his petition against the objection of a party contesting the probate. The appellant contends that the act of 1897, in relation to the probate of wills, (Hurd's Stat. chap. 148, sec. 21,) denies that right. That statute requires, before the admission of a will to probate, that a petition shall be filed by the person desiring the probate and notice given to each of the heirs-at-law and legatees, provided that if no petition is filed and a will has been deposited in the court for ten days the court shall proceed to probate it without a petition but only after the required notice. In proceedings for the probate of wills prior to the passage of this act no petition was required to be filed and no notice to be given, but appeals were allowed with a trial *de novo* to all persons interested. It was then held by this court that the proceeding in the county court was in the nature of a proceeding *in rem,* but that upon appeal the character of the proceeding changed

and it became in the nature of a proceeding *inter partes,* and the appellant might, at any time before judgment, dismiss his appeal over the objection of his adversary.  (*In the matter of Storey,* 120 Ill. 244.)  Since the act referred to, requiring notice to all parties interested, we have held that the proceeding is, in all its stages, in the nature of a proceeding *inter partes. Schofield* v. *Thomas,* 231 Ill. 114.

In the case of *Senn* v. *Gruendling,* 218 Ill. 458, we said (p. 460) : "Any person interested in the probate of a will may exhibit the same in the county court and petition the court for the probate thereof, and the person instituting such proceeding becomes the proponent of the will.  Any party interested in the alleged will may appear and resist the probate and he thereby becomes a contestant.  The petitioner has a right to control his own petition and to dismiss it whenever he chooses.  When there is a decision by the county court, any person interested in the will may appeal to the circuit court.  The party taking an appeal has a right to control his appeal and to dismiss it at his pleasure, and in that event the judgment of the probate court is left in full force and effect.  (*In the matter of Storey,* 120 Ill. 244.)  The judgment of the county court is superseded by an appeal, and if the petition is dismissed in the circuit court the whole proceeding is at an end and there is no bar to a new proceeding.  (*Thompson* v. *Owen,* 174 Ill. 229.)  The petitioner has the same right to dismiss the petition in the circuit court as in the county court."

The appellant had a right to have the cause set for hearing in the circuit court and to require appellee to proceed with his evidence, and on his failure to do so to have his petition dismissed.  But the appellee had the right, in his own discretion, to abandon the cause and dismiss his petition, even against the objection and protest of his adversary.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*