(No. 25987.—

PEARL BARKLEY BLEY, Exrx., Appellee, *vs.* ELIJAH S. LUEBECK *et al.* Appellants.

*Opinion filed June 13, 1941.*

VELDE & COPPEL, GUY B. RENO, and CLARENCE W. HEYL, for appellants.

R. L. NORTHCUTT, and WILLIAM J. DIETERICH, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cass county admitting to probate a copy of an alleged last will and testament of William T. Workman, as a lost will.

William T. Workman resided in the city of Beardstown for many years prior to his death. His death occurred on October 17, 1938. At the time of his death he was the owner of a substantial estate consisting of both real and personal property. He left no widow, child, or children, or descendants of child or children, him surviving. His nearest relatives, at the time of his death, were three sisters and a number of nieces, nephews, grandnieces and grandnephews, who constituted his heirs-at-law. On January 23, 1934, the deceased executed a last will and testament. It was prepared by an attorney. No question is raised as to

its due execution and attestation, or as to the mental capacity of the testator. The will, after it was executed by the testator and attested by the witnesses, was delivered to the testator. The attorney retained a carbon copy consisting of four type-written pages.

On October 24, 1938, Elijah S. Luebeck and Eura Haist, two of the appellants in this case, were appointed administrators of the estate of William T. Workman, deceased, by the county court of Cass county. Thereafter, on November 10, 1939, appellee Pearl Barkley Bley filed a petition in said court alleging that the deceased left a last will and testament. To this petition she attached what she alleged to be a true copy of said will. The petition further alleged that said will had been lost, or destroyed, subsequent to the death of the testator, and asked that the said will be established as a lost will, and that the copy attached to the petition be admitted to probate as the last will and testament of the deceased.

Upon a hearing, the county court admitted the copy of the will attached to the petition to probate as a true and correct copy of the lost will, and further found that said will had never been destroyed, revoked, or modified by the testator in his lifetime. Appellee was appointed executrix without bond, as directed in the purported last will and testament. The testator, by the purported will, gave to appellee all of his personal estate and, in addition thereto, some two hundred acres of land in Cass county, Illinois. She was not related to him in any way. As already observed, it is not disputed that the deceased did, in fact, execute the will as alleged in the petition for probate, nor is any question raised as to his soundness of mind at that time. It is also conceded that the copy attached to the petition for probate is a true copy of the will so executed by deceased on January 23, 1934.

Appellants perfected an appeal from the order of the county court admitting the will to probate to the circuit

court of Cass county. Upon a hearing in the circuit court, ·that court entered an order establishing the copy attached to the petition to probate as a true copy of the lost will and admitted the same to probate as such. The case is here on appeal from that order, by appellants, who constitute the heirs-at-law of the deceased.

On the hearing in the circuit court appellee, as the proponent, offered evidence tending to show the due execution and attestation of the will; that the original will was in existence at the time of the death of the deceased, and that it had been lost, or destroyed, subsequent to that time. On that hearing the appellants offered a large number of witnesses. The testimony of some of these witnesses tended to impeach the testimony of witnesses offered by appellee tending to show that the will was in existence at the time of the death of the deceased. The testimony of other witnesses examined by appellants on that hearing tended to show that the deceased had destroyed the will prior to his death.

At the conclusion of the hearing the court, on motion of appellee, struck all of the testimony and evidence offered by appellants tending to impeach the testimony offered by appellee on the subject of the existence of the will at the time of, and subsequent to, the death of the deceased. The court, also, struck all of the testimony and evidence offered by appellants tending to show that the deceased, in his lifetime, had revoked, or destroyed, the will. This action was taken, because the court was of the opinion that under section 71 of the Probate act of 1939 (Ill. Rev. Stat. 1939, chap. 3, par. 223) the court was not authorized to hear any evidence on the appeal from the probate court, offered by contestants, except evidence of fraud, forgery, compulsion, or other improper conduct. The court proceeded upon the theory that all such evidence was incompetent; that the proponent having established, *prima facie,* the due execution and attestation of the will, its existence at the time of

the death of the testator and its subsequent loss, or de-
struction, no other evidence was competent or admissible,·
and that the court had no alternative except to admit the
will to probate as a lost will.

Counsel in this court, both by their briefs and on oral
argument, have limited the issues to the sole question of
whether the limitation imposed on contestants by section 71
of the Probate act applies to a hearing in the circuit court
on an appeal from an order of the county court admitting
a lost will to probate. At the threshhold of this inquiry it
will be of aid to refer briefly to the history of the decisions
and legislation in this State relating to appeals to the circuit
court from orders of a county court admitting, or refusing
to admit, wills to probate.

As early as 1840 this court, in the case of *Walker* v.
*Walker, 2* Scam. 291, established the rule that on a hearing
to probate a will no witnesses could be heard except the
attesting witnesses. The court in that case further held
this rule applied to a hearing on appeal from an order of
the county court either admitting, or refusing to admit, a
will to probate.

In 1845, for the obvious purpose of in part relieving
the proponent in proceedings to probate a will, from the
rule established by the court in the above case, the legisla-
ture, by statute, provided that when probate of any will
shall have been refused, and an appeal shall have been taken
from the order refusing to admit said will to probate to
the circuit court, it shall be competent for the proponent to
support the will on the hearing in the circuit court by evi-
dence other than the testimony of the subscribing witnesses.
Rev. Stat. 1845, p. 596.

This provision was continued in the act of 1872 relat-
ing to wills and was preserved in the general revision of
the statutes of 1874 as section 13 of the chapter on wills.
(Rev. Stat. 1874, chap. 148, sec. 13.) By these statutory
provisions, when the probate of a will was refused by the

probate court, then, on an appeal from the order refusing to admit such will to probate, the party seeking probate of the will was authorized to support the same on the hearing in the circuit court by any evidence competent to establish the will in chancery. Under these statutes, the right of a contestant to produce evidence on the hearing on appeal in the circuit court was still limited to the cross-examination of the subscribing witnesses, and any other witnesses produced by the proponent on such hearing. It should also be noted that the right of a proponent to offer evidence on such hearing, other than the testimony of the subscribing witnesses, was limited to cases where the probate of the will had been denied by the order appealed from. In no event did the contestant have a right to call witnesses to testify on the hearing in the circuit court. Nevertheless, the contestant's rights were protected in all cases because he had the right to contest the will by an appropriate proceeding in the circuit court after the will had been admitted to probate. Originally, if the proponent was unable to sustain the will on the hearing in the probate court by the testimony of the subscribing witnesses, he had no further remedy. True, he could appeal to the circuit court, but he was there also limited to the testimony of the subscribing witnesses. The necessity of relieving a proponent from this situation obviously led to 'the modification of the rule by the above statutes giving him the right on the hearing on appeal in the circuit court to sustain the will by any competent evidence, and not limiting him to a trial *de novo* upon the testimony of the subscribing witnesses alone, to which he was limited on the hearing in the probate court.

The legislature undoubtedly deemed it unwise to create two methods by which a contestant should have the right to contest a will; first, by offering general evidence on the hearing in the probate court, or on appeal in the circuit court, and second, by an independent suit to contest the will after it had been admitted to probate. It should be ob-

served in this connection that for many years proceedings to probate a will were regarded as *ex parte* and not *inter parties*. Such a proceeding was not regarded as controversial, but wholly *ex parte*.

Section 2 of the act of 1874 made it the duty of the court to admit the will to probate if, by the testimony of two or more of the attesting witnesses, it was shown that the will was duly executed and attested and that the testator was of sound mind. "Provided that no proof of fraud, forgery, compulsion, or other improper conduct be exhibited, which, in the opinion of said county court, shall be deemed sufficient to invalidate or destroy the same." (Ill. Rev. Stat. 1939, chap. 148, par. 2.) Under this proviso we held that on a hearing on appeal in the circuit court contestants could properly offer proof of fraud, forgery, compulsion, or other improper conduct. *Buerger* v. *Buerger,* 317 Ill. 401; *Oliver* v. *Oliver,* 313 id. 612.

The law remained the same until 1909 when the legislature abolished the distinction between cases in which probate of a will had been allowed and those in which probate had been refused. This was accomplished by amending section 13 of the act in regard to wills so as to permit the proponent in all cases of appeal from an order either admitting or denying probate to introduce any evidence on the question of the execution and attestation of the will, and the sanity of the testator, competent to establish a will in chancery. The rule was thus clearly established that on appeal from an order of the county or probate court to the circuit court, allowing or refusing probate of a will, the proponents were neither limited to, nor bound by, the testimony of the subscribing witnesses. The contestants, however, were still limited to the cross-examination of the subscribing witnesses and other witnesses offered by the proponents. *Maxwell* v. *Jacob,* 326 Ill. 462.

In 1939, the legislature passed an act designated by short title as the Probate act. This act was a complete revision

of the statutes relating to the administration of estates, including the probate of wills. All other statutes on the subject, including chapter 148, which is the act of 1874 relating to wills, were expressly repealed. Section 71 of the Probate act (Ill. Rev. Stat. 1939, chap. 3, par. 223) was substituted for section 13 of the chapter on wills, but the language was materially changed. That section, as re-enacted as section 71 of the Probate act, preserves and continues the right of the proponent to offer additional evidence on an appeal to the circuit court as such right existed under section 13 of the act relating to wills. It also provides that the proponent may introduce an authenticated transcript of testimony of any of the attesting witnesses taken at the hearing in the county or probate court on the admission of the will to probate. It further provides that "the contestant may introduce any competent evidence of fraud, forgery, compulsion, or other improper conduct. If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which, in the opinion of the court, is deemed sufficient to invalidate or destroy the will." The above quoted language is substantially the same, in effect, as a similar provision found in section 2 of the act relating to wills. Ill. Rev. Stat. 1939, chap. 148, par. 2.

A reference to the various provisions of the statutes above mentioned, and the decisions of this court, beginning with the case of *Walker* v. *Walker, supra,* shows that there has been a gradual relaxation of the restrictions and limitations imposed upon proponents in proceedings to probate a will on the hearing on an appeal to the circuit court. Under said statutes, as construed by this court, the law is, therefore, definitely settled that on an appeal to the circuit court from an order of the probate or county court, either allowing or denying probate of a will, the proponent may support the will by any evidence competent to establish a

will in chancery, but the contestant is limited, as to evidence of the execution of the will and the testamentary capacity of the testator, to the subscribing witnesses. (*Robertson* v. *Yager,* 327 Ill. 346.) In all cases the contestant has the right to show fraud, forgery and compulsion, or other improper conduct by the testimony of other witnesses. *Buerger* v. *Buerger, supra; Oliver* v. *Oliver, supra; Stuke* v. *Glaser,* 223 Ill. 316.

It was further definitely held that the right given to the contestant to offer evidence of fraud, forgery, compulsion, or other improper conduct was limited to proof of some trick or device by which a person may be induced to sign a paper under the impression that it is something else, or to the alteration of the will after it was signed, or the substitution of another paper for part of the will after it had been signed, and matters of like character. (*Swirski* v. *Darlington,* 369 Ill. 188; *Buerger* v. *Buerger, supra; Oliver* v. *Oliver, supra; Stuke* v. *Glaser, supra.*) This rule was in nowise altered or changed by the provisions of the Probate act. Obviously, contestants, under this statute, had no right to offer evidence on the hearing on appeal in the circuit court, except on the question of fraud, forgery, compulsion, or other improper conduct, as above defined.

Counsel for appellants in this case do not question the above rule of law. They insist, however, that the various provisions of the statute above referred to, and the decisions of this court construing the same, do not apply to a proceeding in which it is sought to establish and probate a lost will. There is no provision in any of the statutes referred to relating to the establishment and probate of a lost will. In neither of the above cases construing these various statutory provisions was the court dealing with a case involving the establishment and probate of a lost will. By many other decisions, however, the right to establish and have admitted to probate a lost will is definitely settled in this State. The proceedings in which it is sought to

establish and probate a lost will are necessarily, in many respects, entirely different from a case involving the probate of a will in existence.

By section 18 of article 6 of the constitution original probate jurisdiction is vested in the county courts, and by section 20 of the same article, in counties of more than 50,000 population, in probate courts. We have repeatedly held that the circuit courts have no original jurisdiction in matters of probate; that the jurisdiction conferred upon the county courts by said section 18 of article 6 of the constitution includes the probate of lost or destroyed wills, upon proof of the facts required by the statute with additional proof of the loss, or destruction, of the will and its contents. (*Crooker* v. *McArdle,* 332 Ill. 27; *Mather* v. *Minard,* 260 id. 175; *Beatty* v. *Clegg,* 214 id. 34; *In re Page,* 118 id. 576.) Section 330 of the Probate act provides for appeals from all orders, judgments, or decrees of the probate [county] court to the circuit court, except in proceedings for the sale of real estate by an executor, administrator, guardian, or conservator.

Section 333 of that act provides that when such an appeal is taken to the circuit court the cause shall be tried *de novo.* By section 330 the jurisdiction conferred on the circuit courts in matters of probate is appellate only. The legislature did not attempt to, nor could it lawfully, confer original probate jurisdiction upon the circuit courts. By section 18 of article 6 of the constitution the original probate jurisdiction is vested solely in the county and probate courts. A proceeding to establish and probate a lost will is purely a proceeding relating to matters in probate within the language of said section of the constitution, of which the circuit court has no original jurisdiction. Such proceeding could not be instituted in a circuit court. The court would have no such jurisdiction under its general chancery powers, or otherwise. The only jurisdiction the circuit court could exercise in a matter of that kind is to

review an order or judgment of the county court. The only way in which a proceeding of this kind could be brought before a circuit court for decision is upon an appeal from a county court. Upon such an appeal being taken in the manner provided by law the circuit court is invested with the same jurisdiction which the county court has under the statute providing for a trial *de novo*. This jurisdiction is appellate and not original.

The evolution of the rule limiting the circuit court as to the evidence which can be heard on an appeal from an order admitting or refusing to admit a will to probate from the earliest statutory provisions, and the decisions of this court, demonstrate that the restrictions there found cannot be imposed in a proceeding to establish and probate a lost will. The county court is, by the constitution, given probate jurisdiction. Such jurisdiction is all-inclusive and unlimited. We have seen, by the repeated decisions of this court, a proceeding to establish and probate a lost will requires the court to exercise its probate jurisdiction—a jurisdiction conferred solely upon the county court. Section 330 of the Probate act provides that any order, judgment, or decree in probate may be appealed from by any person who considers himself aggrieved to the circuit court. Section 333 of that act provides that upon an appeal to the circuit court the cause shall be tried *de novo*. A trial *de novo* in an appellate tribunal is a trial had as if no action whatever had been instituted in the court below; a trial anew in the appellate tribunal according to the usual or prescribed mode of procedure in other cases involving similar questions whether of law or fact. (8 Words and Phrases, p. 7108.) The trial *de novo,* however, must in all cases be limited to the issues tried in the court from which the appeal is taken. Such a trial cannot extend to other issues not before or passed upon by the court in which the original trial was had. (*Walker* v. *Walker, supra.*) Under this rule it has been held by this court that on a trial *de novo,* on an appeal

to the circuit court from an order of the county court, either admitting, or refusing to admit, a will to probate, the issues are limited to the due execution of the will, the sanity of the testator, and the question of whether fraud, forgery, compulsion, or other improper conduct sufficient to invalidate the will, has been shown. These are the only issues involved in a proceeding in the county court for the probate of a will, where the will is in existence and produced at the hearing. A county court, in hearing a petition for the probate of a will, exercises its probate jurisdiction. The circuit court, on appeal, exercises a like jurisdiction, but only by virtue of the appeal as a court of review. The constitution itself provides no procedure and imposes no limitations on the county court in the exercise of its probate jurisdiction. In the absence of statutory restrictions as to the character of evidence which may be heard on an application to probate a will, the power of the county court is unlimited. Probate jurisdiction having been conferred upon the county courts by the constitution, and no restrictions or limitations being imposed, we have consistently held that the legislature was free to impose any restrictions it might desire upon the exercise of that jurisdiction in the admission of wills to probate. We have also held that it was the purpose of the statute on wills that the proceedings for the probate of wills be summary. No pleadings are required. The purpose expressed in the act is that the *prima facie* execution of the instrument, and the capacity of the testator to make it as a last will and testament be made out so that the estate may be cared for and its administration proceed. The right of any one interested to contest the validity of the will at any time within a year of its probate is given, by statute, and until the expiration of that time the probate of the will is not conclusive, but the will is expressly declared to be liable to contest, in which case all facts necessary to establish the will in chancery are open to inquiry. (*Schaefer* v. *Mazer,*

359 Ill. 621; *Buerger* v. *Buerger, supra.*) The time within which a suit may be instituted to contest a will is now limited, by section 90 of the Probate act, to nine months from the date of probate. Ill. Rev. Stat. 1939, chap. 3, par. 242.

In a case where the will is lost and is not in existence, proof may be offered on the additional issue of the loss or destruction of the will and its contents.

By referring to the statute we find that the legislature has restricted the issues before the county court on an application to probate a will where the will is in existence, to the execution of the will, the sanity of the testator, and the question of fraud, forgery, compulsion, or other improper conduct which is sufficient to destroy the will. On the hearing of the petition to probate a will which is in existence, the issues which the county court may hear and determine are thus limited. When an appeal is taken from the order of the county court either admitting, or refusing to admit, the will to probate, the statute provides for a trial *de novo* but imposes certain restrictions, and section 71 of the act expressly provides what evidence may be heard by the circuit court. In the case of a lost will, which is not in existence, the issues to be tried by the county court are necessarily broadened. In such case the county court must hear proof of the due execution of the will and the sanity of the testator and any evidence of fraud, forgery, compulsion, or other improper conduct, the same as in cases where the will is in existence; but where the will is lost, proof that the will has been lost, or destroyed, and that it was not revoked by the testator in his lifetime must also be made. These are issues on which the county court must hear evidence and which the court must determine. An appeal may be taken to the circuit court from an order either admitting, or refusing to admit, a lost will to probate. Section 333 of the Probate act provides that on such appeal there shall be a trial *de novo*. This is equivalent to saying that on the appeal the circuit court must not only try the issues of the due execution of the will, the mental capacity

of the testator, the question of whether there has been any fraud, forgery, compulsion, or other improper conduct which would be sufficient to invalidate or destroy the will, but the court must go further and determine the issues of whether or not the will was in existence at the time of the death of the testator, whether it has been destroyed since his death, and whether the testator revoked the same prior to his death. There is nothing in the statute which limits the evidence on these additional issues to the subscribing witnesses either on the hearing in the county court, or on appeal to the circuit court. Indeed, such testimony could not be so limited for the reason that the issues involve facts obviously not within the knowledge of the attesting witnesses. It relates to something which must occur subsequent to the execution and attestation of the will. The issue is such that the proponents cannot be limited to the testimony of the subscribing witnesses. No language is found in the statute which limits the right of either party in the testimony to be offered in the circuit court. In the absence of any restrictions in the statute imposed upon the proponents or the contestants, either in the county court or in the circuit court, when an appeal is taken to that court, the trial *de novo* to which both parties are entitled under section 333 of the Probate act, carries with it the right to offer any competent evidence on any issue which was properly before the county court in the original hearing. A trial *de novo* on appeal means a new trial upon the same issues, and all the issues, tried by the court from which the appeal is taken, in which all parties shall have the right to offer any competent evidence, unless such right is limited or restricted by the statute. The contestants in this case were entitled to a trial *de novo* on the appeal in the circuit court upon the issues heard and passed upon by the county court. Upon the hearing of an appeal from an order of the county court, either admitting or denying probate of a lost will, the circuit court is required to pass upon the issues of loss, or destruction, of

the will; that it was in existence at the time of the testator's death and had not been revoked by him in his lifetime. The statute contains no restriction upon either party as to the right to offer evidence on those issues, either in the county court or in the circuit court on appeal.

The cases cited and relied upon by appellee are all cases where the will was in existence and where the issues were limited to the due execution of the will, the sanity of the testator and whether there was any proof of fraud, forgery, compulsion, or other improper conduct sufficient to invalidate or destroy the will. Those cases did not involve the additional issue of the loss or destruction of the will, its contents, or whether it had been revoked by the testator in his lifetime. This court has repeatedly approved the practice of permitting general testimony to be offered tending to prove or disprove wills in the probate court, or in the circuit court, on appeal, in cases involving mutilated wills (*Burton* v. *Wylde*, 261 Ill. 397; *Bailey* v. *Koehler*, 305 id. 25;) erasures or interlineations (*Schmidt* v. *Bauermeister*, 279 Ill. 504; *Cantway* v. *Cantway*, 315 id. 244;) alterations (*Martin* v. *Martin*, 334 Ill. 115) and the loss of the will, *Boyle* v. *Boyle*, 158 Ill. 228; *St. Mary's Home* v. *Dodge*, 257 id. 518; *Leemon* v. *Leighton*, 314 id. 407; *Koester* v. *Jennings*, 334 id. 107.

The construction of the rule contended for by appellee cannot be sustained. It is our conclusion that the applicable provisions of the Probate act restricting the evidence which may be offered in the circuit court on an appeal from an order of the county court admitting or refusing to admit a will to probate cannot, and do not, apply to a case involving the establishment and probate of a lost will. The loss or destruction of the will itself necessarily brings into the hearing issues upon which the proponents and the contestants both have the right to offer general evidence on those issues which are not present in a case where the will is in existence.

In this case the circuit court erred in striking the evidence on these issues upon the sole ground that it had no jurisdiction to hear the evidence offered by contestants. We express no opinion as to the competency of the evidence offered, other than to say that proper evidence was admissible upon such issues.

The order of the circuit court of Cass county is reversed and the cause remanded, for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*