JOHN G. BROOKING, JR., *et al.*, Appellants, *vs.* HOWARD BROOKING *et al.*, Appellees.

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

RALPH DEMPSEY, and HAROLD H. KUHFUSS, both of Pekin, for appellants.

WALTER G. CUNNINGHAM, and DUNKELBERG & RUST, both of Pekin, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Tazewell county admitting to probate the last will and

testament of John G. Brooking, Sr., deceased, which devised several tracts of real estate. The will was duly admitted to probate in the county court of said county on November 6, 1944, and the order entered that letters testamentary issue to Howard Brooking, a son of the decedent. An appeal from that order was taken to the circuit court by the appellants, who were also sons of the deceased.

At the hearing in the circuit court on said appeal the only witness called was T. E. Soltermann, the clerk of the county court, who merely identified the files and exhibits in his custody as county clerk pertaining to the John G. Brooking, Sr., estate. No other witnesses were called and no further testimony taken. Exhibit 10 purported to be an authenticated transcript of the testimony of the attesting witnesses to the will and codicil at the original hearing in the county court. The appellants objected to the admission of the said exhibit on the ground that it is not an authenticated transcript of the evidence, as required by section 71 of the Probate Act. (Ill. Rev. Stat. 1943, chap. 3, par. 223.) The pertinent portion of that section reads as follows: "At the hearing in the circuit court on an appeal from an order of the probate court admitting or refusing to admit a domestic or foreign will to probate, the proponent may introduce an authenticated transcript of the testimony of any of the attesting witnesses taken at the hearing on the admission of the will to probate and any other evidence competent to establish a will in chancery. * * * If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

It is the position of appellants that the exhibit was not authenticated within the meaning of the statute. The transcript was signed and certified to, as all the evidence produced on the hearing, by Harriet B. Zimmerman, the

court reporter. The certificate of evidence was signed and certified by the county judge and made a part of the record in the cause. The county clerk testified that the transcript was in his official custody as part of the files in the John G. Brooking, Sr., estate. Subsection (g) of section 2 of the Probate Act provides the following: " 'Authenticated copy' means (1) a certified copy when the office in which the record of the original is kept is in this State." We believe exhibit 10 complied with all the requirements of the statutes and was properly admitted in evidence on the hearing of this cause in the circuit court of Tazewell county.

It is the further contention of the appellants that it was the duty of the appellees to produce the attesting witnesses in the circuit court to testify or to show why they were unable to do so. To sustain this position the appellants rely on the case of *St. Mary's Home for Children* v. *Dodge,* 257 Ill. 518, where it was held that under section 2 of the Wills Act, adopted in 1874, a party seeking to probate a will in the county or probate court must produce the subscribing witnesses at the hearing if they are living, sane and within the jurisdiction of the court; and that the same rule applies on appeal to the circuit court from an order of the county court refusing to admit the will to probate; and further that the provisions of section 13 of the same act did not relieve them of that duty. See, also, *Thompson* v. *Owen,* 174 Ill. 229. The *Dodge case* was decided by this court in 1913, when the statute with reference to the hearing on appeal made no provision for the introduction of an authenticated transcript of the testimony. In 1939 the legislature passed what is generally known as the "Probate Act." This act was a complete revision of the statutes relating to the administration of estates, including the probate of wills. All other statutes on the subject, including the act of 1874, relating to wills, were expressly repealed. (*Bley* v. *Luebeck,* 377 Ill. 50.)

In the case cited there is a complete review of the changes made by statute in appeals to the circuit court from an order of the probate or county court, either allowing or denying probate of an existing will, which it is not necessary to repeat here. By section 71 of the Probate Act, above referred to, it was provided that a proponent may introduce an authenticated transcript of testimony, on appeal in the circuit court, of any of the attesting witnesses taken at the hearing in the county or probate court on the admission of the will to probate. In commenting upon this section this court said in the *Luebeck case,* "A reference to the various provisions of the statutes above mentioned, and the decisions of this court, beginning with the case of *Walker* v. *Walker,* [2 Scam. 291,] shows that there has been a gradual relaxation of the restrictions and limitations imposed upon proponents in proceedings to probate a will on the hearing on an appeal to the circuit court."

There is now no provision in the statute, such as was contained in section 2 of the Wills Act, requiring the presence of the subscribing witnesses at the hearing on appeal in the circuit court. It appears to us that the intent and effect of said section 71 of the Probate Act is that the introduction of such transcript in evidence in the hearing on appeal is sufficient where the testimony of the attesting witnesses to the will and codicil is full and complete, satisfying all the statutory formalities and requirements and being properly preserved and certified to, and that, in the absence of any contrary proof, the court may properly find that the will has been established by sufficient competent evidence and should be admitted to probate unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. Such testimony is a substitute for and overcomes the old rule which required the proponents to produce the attesting witnesses in court to testify or to show they were unable to do so. Upon

such an appeal the circuit court, under the statute providing for a trial *de novo,* is invested with the same jurisdiction which the county court has, but this jurisdiction is appellate and not original. *Bley* v. *Luebeck,* 377 Ill. 50.

The right of any person interested to contest the validity of the will at any time within nine months from date of probate is preserved under section 90 of the Probate Act. Ill. Rev. Stat. 1943, chap. 3, par. 242.

The appellants also urge that the form of the order entered in this case providing "that said instrument in writing be and the same is hereby admitted to probate as the last Will and Testament of said John G. Brooking, Sr., deceased, and that said instrument be filed and entered of record by the clerk of this Court," and ordering that letters testamentary be issued by the clerk to Howard Brooking, was erroneous and beyond the jurisdiction of the circuit court to enter. It is conceded by the appellees that the circuit court did not have jurisdiction to admit the will to probate but only had power to remand the cause to the county court with directions to admit the same to probate.

That portion of the order of the circuit court providing that the instrument in controversy be admitted to probate and that said instrument be filed and entered of record by the clerk of the circuit court is reversed. In all other respects the said order is affirmed, and the cause is remanded to the circuit court of Tazewell county with directions to remand the cause to the county court of Tazewell county with directions to admit the will of John G. Brooking, Sr., to probate.

> *Affirmed in part; reversed in part*
> *and remanded, with directions.*