(No. 31878.—

BELVA LEONHART *et al.*, Appellants, *vs.* CORA E. REIGHARD *et al.*, Appellees.

*Opinion filed May 24, 1951—Rehearing denied September 20, 1951.*

Brown & Brown, of Geneseo, and Andrews & Andrews, of Kewanee, for appellants.

Shaw & Chamberlain, and Edward J. Stone, both of Geneseo, for appellees.

Per Curiam : This appeal comes directly to this court from a decree of the circuit court of Henry County, entered in a partition proceeding. Through the renunciation of her husband's will, Cora E. Reighard acquired a fee-simple interest in certain real estate rather than a life estate as devised to her under the will. The validity of that renunciation is the issue here and a freehold is involved.

Cora E. Reighard was the widow of Frank S. Reighard, who died on October 28, 1946, and whose will was admitted to probate on November 26, 1946. In December, 1946, Cora E. Reighard was declared to be an incompetent, and a conservator was appointed over her person and estate. Frank S. Reighard, in his will, left all of his property to a trustee, with directions to pay over the net income therefrom to his wife, together with such principal sums as might be required or necessary, and the remainder of his estate was left to nieces and nephews. Mrs. Reighard at this time was seventy-nine years of age. The conservator petitioned the county court for authority to renounce the will in behalf of his ward. The petition was *ex parte* in form. The county court ordered notice to the executor. The executor and one of the beneficiaries under the will participated in the hearing in the county court and questioned the jurisdiction of the court to enter any order authorizing renunciation. On March 10, 1947, at the conclusion of the hearing, the county court directed the conservator to renounce the will, and the renunciation by the conservator on behalf of his ward was filed in the county

court on that day. The executor and one of the bene-
ficiaries took an appeal to the circuit court. On September
22, 1947, the circuit court entered an order finding it to be
to the best interests of the widow to renounce the will,
and directed the conservator to do so. Thereafter a second
renunciation, reciting that it was pursuant to the order of
the circuit court, was filed in the county court on Septem-
ber 29, 1947. The executor and others appealed from the
order of the circuit court directing a renunciation and the
matter was before this court at its March term in 1949,
(*In re Estate of Reighard,* 402 Ill. 364,) and we there
held that it was within the power of the county court to
order a renunciation and, accordingly, we affirmed the
judgment of the circuit court of Henry County directing
the renunciation.

In the meantime, while the appeal was pending in the
circuit court, the conservator obtained from the county
court an order granting an extension of time within which
to file a renunciation and the time was extended to July,
1948. Also, while the first suit was pending in the Supreme
Court, a partition suit was instituted and concluded, and
in the partition decree the circuit court found in the alter-
native that if the renunciation of Cora E. Reighard was
valid, then she had an undivided one-fourteenth interest
in the real estate involved, and the trustee under the will
of Frank S. Reighard likewise had a one-fourteenth in-
terest. In the event, however, that the renunciation of
Cora E. Reighard was not sustained, then the trustee was
entitled to a one-seventh interest in the real estate. After
this court's decision in the original appeal, and after its
mandate was filed in the circuit court of Henry County,
the appellants filed a motion for a distribution of the pro-
ceeds of the partition sale and requested that six sevenths
of the interest be distributed and that one seventh be re-
tained, and asserted that the renunciation of Cora E.

Reighard was without effect. Cora E. Reighard and her counsel filed an answer and cross petition, setting forth the validity of the renunciation and requesting distribution of the one-fourteenth interest to Cora E. Reighard. The prayer of the cross petition was granted, a supplemental decree was entered in the partition suit, and it is from that decree that this appeal is taken.

It is the contention of the appellants that the order of the circuit court in the partition suit finding the renunciation to be valid and directing distribution of the proceeds in accordance therewith is erroneous for the following reasons: (a) the renunciation was signed by the conservator for Mrs. Reighard as her representative and was not signed by her, as required by section 17 of the Probate Act, (Ill. Rev. Stat. 1949, chap. 3, par. 169,) (b) that the first renunciation is wholly void, because it is not supported by a valid order of any court, and that the appeal from the order of the county court directing the renunciation to the circuit court, where trial *de novo* was had, had the effect of vacating and setting aside the county court order and, accordingly, there was no valid order of either the county court or the circuit court on appeal at the time the first renunciation was filed; (c) when the second renunciation was filed on September 29, 1947, it was filed three days late and three days beyond the ten months' limitation imposed by section 17 of the Probate Act, and that the order of the county court extending the time was wholly void, for the reason that the petition failed to allege that there was litigation pending affecting the share of the surviving spouse in the estate and, in the absence of such allegation and proof, the county court was without jurisdiction to extend the time. On these premises appellants say that neither the first renunciation, nor the second, was valid and, there being no valid renunciation of the will, the circuit court decree holding the renunciation good was erroneous and should be re-

versed. On the contrary, the appellees contend and rely on both of the renunciations to sustain their position.

The appellants first urge that both of the renunciations here involved are wholly ineffective, for the reason that they were signed by the conservator as the representative of the widow and are, therefore, in direct violation of section 17 of the Probate Act, which provides that, to effectively renounce a will, the surviving spouse shall file "a written instrument signed by the surviving spouse." It is asserted that even though the surviving spouse has a conservator in charge of her affairs, these facts do not support the conclusion that she could not sign her name, and that a plain reading of the statute requires the manual signature of the surviving spouse. The purpose of permitting a renunciation by a surviving spouse has long been recognized as a means to insure to that spouse a just proportion of the estate of a decedent notwithstanding an effort on the part of a testator to disinherit. That purpose is too well recognized to require the citation of authority. That such is the spirit and intention of the legislature in section 17 of the Probate Act seems self-evident. To interpret that statute to include only those who may manually sign a renunciation is to ascribe to the legislature an intent to discriminate against the disabled, the insane, and minors, when such intention does not appear from the statute itself. In *Harding* v. *Albert,* 373 Ill. 94, we said: "Where the spirit and intention of the legislature in adopting the acts are clearly expressed and their objects and purposes are clearly set forth, the courts are not confined to the literal meaning of the words used, when to do so will defeat the obvious intention of the legislature and result in absurd consequences not contemplated by it." That this act should apply alike to those in sound mental and physical health and to those who may be minors or insane, or under any form of disability, should seem apparent. The claim here made by appellants cannot be sustained.

We are next concerned with appellant's contention that the first renunciation, filed pursuant to the order of the county court, was rendered ineffective and void by the appeal from that order which was taken to the circuit court. This contention is based upon the fact that review of the order of the county court is by trial *de novo* in the circuit court. It is true, of course, that such a review differs from an ordinary appeal or writ of error in that its purpose is to try anew the issues tried in the lower court, rather than to examine the proceedings in the lower court to determine whether or not prejudicial error occurred. But it does not follow, as appellants contend, that the judgment under review becomes a nullity for all purposes merely because it is reviewed by a trial *de novo*. The issues upon such a review are limited to the issues tried in the court from which the appeal is taken. (*Bley* v. *Luebeck,* 377 Ill. 50.) And it is the judgment of the court below which is the basis of the jurisdiction of the reviewing court. In this case, the order of the county court was effective to support the renunciation filed in accordance with its direction, just as it was effective to support the jurisdiction of the circuit court upon appeal. The statute requires a renunciation to be filed by a widow at a specified place and within a fixed time so that the executor, devisees, legatees and other interested persons, may know the intention of the widow, and so that purchasers of real estate of the decedent may be on notice of the true ownership. Those purposes were served by the first renunciation.

In view of our holding that the first renunciation was effective, it is not necessary to consider other objections advanced by appellants.

The decree of the circuit court is affirmed.

*Decree affirmed.*