In re Estate of Joseph J. Lough, Deceased.
On Appeal of George Hoover and Mary Hoover.

Gen. No. 48,103.

First District, First Division.
December 12, 1960.

 

J. V. Schaffenegger, of Chicago (William J. Sheridan, Jr., of counsel) for appellants.

No brief filed by executor.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

Plaintiffs appeal from an order of the circuit court dismissing the Executor's appeal from the probate court over their objection. No brief has been filed in this court by the Executor.

George and Mary Hoover filed their amended quantum meruit claim for $4,821.20 against the Lough Estate. The probate court allowed the claim for $792.00 and the Executor filed an appeal from that order to the circuit court where he demanded, and later waived, jury trial. Plaintiffs also demanded a jury trial, after filing a second amended claim for $4,150.00 plus "disbursements."

In the trial de novo plaintiffs presented their evidence before the jury, and at the close of their evidence the Executor moved for a directed verdict. The motion was denied and he offered no evidence. He then moved to dismiss his appeal. The motion to dismiss was sustained and the cause dismissed at his costs.

The question is whether the trial court erred in dismissing the appeal.

Plaintiffs contend that a proceeding de novo in the circuit court on appeal from the probate court is in fact a new trial as though no trial were ever held in the probate court. We think that this contention, drawn from the language of Bley v. Luebeck, 377 Ill. 50, 35 N.E.2d 334 (1941) and Schwartfager v. Schwartfager, 330 Ill. App. 111, 70 N.E.2d 216 (1946), is too broad. We disagree that the trial de novo must proceed as though there has been no prior proceeding. The probate court judgment does not become a nullity for all purposes "merely because it is reviewed" by trial de novo in the circuit court. Leonhart v. Reighard, 409 Ill. 544, 549, 100 N.E.2d 657 (1951) (citing Bley v. Luebeck, 377 Ill. 50, 35 N.E.2d 334). One well known limitation on this is that a trial de novo is limited to the issues tried in the probate court. Ibid. And the judgment of the court below is the basis of the jurisdiction of the reviewing court. Ibid.

■ We believe that the appeal from the probate court to the circuit court is analogous to an appeal to this court in the sense that the party taking the appeal is the appellant and the party not appealing is the appellee. We think this view is supported by the implication in the recent amendment to the Probate Act, providing for direct appeal by an aggrieved party to the Appellate or Supreme Court in a proceeding involving an amount in controversy of $3,000.00 or more. Ill. Rev. Stat., ch. 3, § 483 (1959). The statute places more significance in a judgment of the probate court than plaintiff's contention admits.

■■ We agree that the circuit court on appeal is not a court of error which can expressly reverse or affirm a probate court order. Nevertheless, the proceeding in the circuit court is designated an "appeal" in the Probate Act. And the court in Bley v. Luebeck, cited by the plaintiff, points out that "by section 330 the jurisdiction conferred on circuit courts in mat-

130

ters of probate is appellate only." 377 Ill. 50, 59, 35 N.E.2d 334 (1941). See also Brooking v. Brooking, 391 Ill. 440, 444, 63 N.E.2d 476 (1945). Furthermore, the effect of the dismissal by the party appealing is to restore the efficacy of the probate court order. Senn v. Gruendling, 218 Ill. 458, 75 N. E. 1020 (1905).

Here, the Executor initiated the appeal which brought the proceeding to the circuit court, and he thus assumed the position of appellant. The Hoovers, taking no appeal, assumed the position of appellees and not cross-appellants. Therefore, the Executor was left with "a right to control his appeal and to dismiss it at pleasure." Greene v. Hitchcock, 139 Ill. App. 408, aff'd 235 Ill. 298 (1908). "The appellant had an undoubted right to dismiss his appeal. If the appellee was not satisfied with the judgment . . . he should have himself taken an appeal. By not doing so he acquiesced in that judgment, and must now be content with it. Taking an appeal by one party does not deprive the other of the right to do the same thing." Bacon v. Lawrence, 26 Ill. 53 (1861). That was said of an appeal from a judgment of a Justice of the Peace but applies with equal force to an appeal from the probate court. In re Estate of Boening, 274 Ill. App. 434 (1943). The contemporary method of appeal provided for in the Administration of Estates Act is similar to that provided in the Justices of the Peace Act in 1934.

██ We think the motion to dismiss was addressed to the court's discretion under the circumstances of this case, and that there was no abuse of discretion in allowing the motion and dismissing the appeal.

We need consider no other point.

The judgment of the circuit court is affirmed.

Affirmed.

BURMAN and MURPHY, JJ., concur.