## WOOD TOWING CORPORATION v. PARKER, Deputy Com'r, et al.

No. 3796.

Circuit Court of Appeals, Fourth Circuit.

April 2, 1935.

Leon T. Seawell, of Norfolk, Va., for appellant.

Braden Vandeventer and H. H. Holt, Jr., Asst. U. S. Atty., both of Norfolk, Va. (Sterling Hutcheson, U. S. Atty., of Norfolk, Va., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and GLENN, District Judge.

GLENN, District Judge.

This was a suit in equity to enjoin the enforcement of an award made to Ada Belle Trollinger, the widow of William C. Trollinger, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (33 USCA § 901 et seq.). From an order denying the injunction, confirming the award made by Commissioner, and dismissing the petition, the complainant, Wood Towing Corporation, has appealed.

The Wood Towing Corporation, appellant herein, is engaged in the business of operating tugs, barges, and other floating property in the harbor of Norfolk, Va., and incident to these operations, conducts a small repair shop, or yard, in the city of Norfolk. The deceased, William C. Trollinger, one of the employees of the above-named corporation, was hired as a carpenter and general utility man at the shipyard and had been in its employ in that capacity for around ten years. On August 2, 1933, Trollinger acting under orders of the superintendent of the Wood Towing Corporation was engaged in assisting in the installation of a new engine on a motorboat J-O Joe recently purchased by his employer. This motorboat was moored within a few feet of the dock and adjacent to a float or scow, a distance of approximately three feet separating the two. The water at this point was estimated to be from six to nine feet in depth, varying with the tide. During the morning of that day, around 9:30, while the mechanic with whom he was working was in the machine shop on the dock, and Trollinger had been left alone on the job, Trollinger disappeared. He was later found overboard, drowned in the small triangular space between the face of the dock, the motorboat, and the float. No witness saw him when he fell overboard. Compensation was sought by his widow under the Longshoremen's and Harborworkers' Compensation Act, on the theory that while in the performance of his duty he had accidentally fallen from the motorboat and been drowned. The complainant here resisted the award on the theory that the deceased came to his death by falling from the dock into the water in which event the United States Compensation Commissioner would have no jurisdiction, but compensation, if payable, would be awarded by the Compensation Commissioner of the State of Virginia.

Testimony of the various witnesses bear out the contention of the respondent that the more reasonable inference to be drawn from the testimony was that the deceased came to his death by falling from the motorboat while attempting to go from the motorboat to the scow, anchored alongside, and thence to the dock. This inference is further supported by testimony to the effect that a plank walkway was placed from the scow to the dock, while none was placed from the boat to the dock; further testimony is to the effect that the deceased had previously that morning used the plank walkway. There is testimony to the effect that on the day before in the course of repairs a green oaken plank had been placed on the side of the boat nearest the point where the deceased was found. This fresh plank bore a mark about six inches long, and the theory was advanced that the deceased in falling had struck the fresh plank with his heel. The body was found immediately opposite the mark, about one foot from the scow, two feet from the dock, and two feet from the side of the boat, and standing erect in the water. The body was completely submerged. There were bruises on the right leg and chest and the left frontal part of the face indicating that the deceased in falling struck some object that rendered him insensible.

Jurisdiction of the United States Employees' Compensation Commissioner turns, as we see it, around the question of whether the deceased came to his death while going from the dock to the boat, or from the boat to the dock. The deceased when last seen alive was on the boat, and there is nothing to indicate that he, after last seen on the boat, ever got on the dock prior to the time of his death. The witnesses testify that they saw Trollinger in the cockpit of the boat, around the engine foundation, at periods varying from twenty-five to ten minutes be-

fore the time at which the best estimates indicate he was drowned.

The finding that he was working on the boat when he came to his death seems to us to be definitely supported by the evidence and any theory that he fell from the dock is based on pure speculation. Any testimony relied upon to show that he was on the dock refers to a period prior to the time when he was last seen on the boat.

This case is one of those cases where it is necessary to take full testimony to determine the question of jurisdiction. The statute, as far as it is pertinent to the question here, is section 903 of the Longshoremen's and Harborworkers' Compensation Act.

Section 903 of the Longshoremen's and Harborworkers' Compensation Act, now to be found in the U. S. Code Anno., title 33, § 903, being that part of the act relating to the jurisdiction of the Commissioner, so far as pertinent provides: "§ 903. *Coverage.* (a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. Of course, the mere fact that the accident occurred over water, and that the man's body was found in the water, is not sufficient to confer jurisdiction upon the United States Commissioner. There is no presumption in the act itself which confers jurisdiction upon the United States Employees' Compensation Commissioner, but the ultimate facts on which jurisdiction is based must be proved; otherwise the act is inapplicable. Of course, if the federal act is inapplicable the Commissioner would be without jurisdiction and his award would be subject to injunction by a Federal District Court.

The law applicable is aptly set forth by Judge Parker in Baltimore & Ohio R. Co. v. Clark (C. C. A.) 59 F.(2d) 595, 597: "As the place of the injury resulting in death goes to the question of jurisdiction, we are not bound by the findings of the deputy commissioner with regard thereto. Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598. Where, however, the judge below, after considering the evidence, finds the facts in accordance with the findings of the deputy commissioner, we will not reverse such findings unless clearly wrong."

In our opinion the findings of fact as made by the Deputy Commissioner and District Judge were not only not clearly wrong, but on the contrary were supported by the greater weight of the evidence. The order of the District Court, dismissing the bill, was clearly right.

The judgment below must therefore be affirmed.