## PITTSBURGH S. S. CO. v. BROWN, Deputy Com'r, et al.

### No. 46C1705.

United States District Court
N. D. Illinois, E. D.

Feb. 6, 1947.

Opinion modified in 81 F.Supp. 285, which is supplemented in 81 F.Supp. 287. Reversed in 171 F.2d 175.

Knapp, Cushing, Hershberger & Stevenson, of Chicago, Ill., for plaintiff.

Walker Butler, of Chicago, Ill., for defendant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for the Government.

CAMPBELL, District Judge.

Two motions are pending before the court:

(1) Plaintiff's motion for a new trial on a new record, on the question whether the deceased lost his life as the result of an accidental injury occurring on the navigable waters of the United States.

(2) Motion of the United States Attorney for an order directing plaintiff to pay compensation awarded by the deputy commissioner.

The first motion invokes the doctrine of Crowell v. Benson, 1932, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, that under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., the jurisdictional requirements for the operation of the Act, (1) that the injury occurred on the navigable waters of the United States, and (2) that the relationship

of master and servant existed, are such that the finding of the deputy commissioner is not conclusive, and that the independence of the judicial power requires the district court to determine these issues "upon its own record and the facts elicited before it." 285 U.S. at page 64, 52 S.Ct. at page 297.

Although this doctrine has been widely criticized, both by members of the Supreme Court and legal writers, and although later decisions have refused to extend the doctrine to other situations (e. g., whether the injury occurred in the course of and out of the employment, Voehl v. Indemnity Insurance Co., 1933, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245), the case has not been overruled. South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, merely holds that when the question is whether an injured employee was a member of the "crew," the finding of fact as to that question by the deputy commissioner is binding if supported by evidence. The Supreme Court did not take the opportunity presented by this case to overrule the doctrine of Crowell v. Benson, but held that the question whether the deceased was a member of the crew, and hence excepted from the operation of the Act, was not such a jurisdictional fact as required a trial de novo, but was only an ordinary fact within the competence of the deputy commissioner to find. Since the deceased could have been a servant of the defendant even though not a member of the crew, the jurisdictional fact doctrine was not present in a constitutional sense as in Crowell v. Benson, but only in a statutory sense as to the scope of the statute and its relation to similar statutes covering other classes of maritime workers.

Since the instant case presents a dispute as to one of the jurisdictional facts squarely within the doctrine of Crowell v. Benson, I am compelled to grant the plaintiff a trial de novo on the single issue of where the deceased met his death.

The ruling on the government's motion is reserved until I hear the evidence on the trial de novo, which will determine whether the death of the deceased is within the operation of this Act.