**PITTSBURGH S. S. CO. v. BROWN, Deputy Com'r, et al.**

No. 46C1705.

United States District Court
N. D. Illinois, E. D.

March 12, 1947.

286

Knapp, Cushing, Hershberger and Stevenson, of Chicago, Ill., for plaintiff.

Walker Butler, of Chicago. Ill., for defendant.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for the Government.

CAMPBELL, District Judge.

At the pre-trial conference on February 6, 1947, when I ruled, Pittsburgh, Steamship Co. v. Brown, D.C. 81 F.Supp. 284, that under the doctrine of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76, L. Ed. 598 the plaintiff was entitled to a trial de novo on the jurisdictional issue of where the death of the decedent occurred, I stated that the plaintiff herein would have the burden of proof to establish that the deceased did not lose his life upon the navigable waters of the Calumet River. I based this statement upon the words of Chief Justice Hughes in Crowell v. Benson, appearing in 285 U.S. at pages 63, 64, 52 S.Ct. at page 297 and quoted by the plaintiff in its brief respecting burden of proof:

"Assuming that the federal court may determine for itself the existence of these fundamental or jurisdictional facts, we come to the question, Upon what record is the determination to be made? There is no provision of the statute which seeks to confine the court in such a case to the record before the deputy commissioner or to the evidence which he has taken. The remedy which the statute makes available is not by an appeal or by a writ of certiorari for a review of his determination upon the record before him. The remedy is 'through injunction proceedings mandatory or otherwise.' Section 21(b) [33 U.S.C.A. § 921(b)]. The question in the instant case is not whether the deputy commissioner has acted improperly or arbitrarily as shown by the record of his proceedings in the course of administration in cases contemplated by the statute, but whether he has acted in a case to which the statute is inapplicable. By providing for injunction proceedings, the Congress evidently contemplated a suit as in equity, and in such a suit the complainant would have full opportunity to plead and prove either that the injury did not occur upon the navigable waters of the United States or that the relation of master and servant did not exist, and hence that the case lay outside the purview of the statute. As the question is one of the constitutional authority of the deputy commissioner as an administrative agency, the court is under no obligation to give weight to his proceedings pending the determination of that question. If the court finds that the facts existed which gave the deputy commissioner jurisdiction to pass upon the claim for compensation, the injunction will be denied in so far as these fundamental questions are concerned; if, on the contrary, the court is satisfied that the deputy commissioner had no jurisdiction of the proceedings before him, that determination will deprive them of their effectiveness, for any purpose. We think that the essential independence of the exercise of the judicial power of the United States, in the enforcement of constitutional rights requires that the federal court should determine such an issue upon its own record and the facts elicited before it."

Upon a review of Crowell v. Benson and of the authorities, I am of the opinion that my statement with reference to the burden of proof was erroneous.

The type of review which the District Court must give to jurisdictional facts of a constitutional nature, under the Supreme Court's holding in Crowell v. Benson, is a trial de novo. The method of obtaining a review of the deputy commissioner's findings is specified by the Act to be by injunction proceedings. In a review of ordinary facts, the burden would be on the moving party to establish that the deputy commissioner's findings were without support in the evidence. But as to jurisdictional facts, one of which is involved in this case, the "review" is really a new trial. In a trial de novo, the problem is not whether the findings of the lower tribunal can be upset, but whether certain findings can be established. Thus, although the action in this court is brought by the form of petition for an injunction, the substance of the action is that of a

new trial of one issue in the case. In a new trial, there is no reason why the burden of proof should be reversed.

 I think that what Chief Justice Hughes meant by the language referred to above in Crowell v. Benson (that "the complainant would have full opportunity to plead and prove either that the injury did not occur upon the navigable waters of the United States or that the relation of master and servant did not exist, and hence that the case lay outside the purview of the statute") was that the complainant could allege these grounds in its petition for an injunction and could present any evidence tending to show that either of these jurisdictional facts did not exist. But I do not think that the burden has shifted from the claimant, as it existed in the hearing before the deputy commissioner, of showing that the circumstances of the death were such as to bring it within the scope of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

A review of the opinions in the District Court in Benson v. Crowell, 33 F.2d 137 and 38 F.2d 306, which the Supreme Court affirmed, indicates that the parties are entitled to a new and judicial hearing upon jurisdictional facts in place of the administrative hearing which has already been had. There is not a hint in those opinions that the District Court would shift the burden of proof in the trial before it. On the contrary, I think it is clear, from reading the language of the District Judge in his opinion in Crowell v. Benson, that what he did and what Chief Justice Hughes approved of in his review of the case was to prescribe a completely new trial, the burden of proof before the court being where it was before the Commissioner, on only two of the jurisdictional issues. Since the Supreme Court affirmed these decisions of the District Court, I think that the language of Chief Justice Hughes must be interpreted as I have already mentioned.

 It is furthermore clear from a review of Chief Justice Hughes' opinion that it is incumbent upon this court to determine that issue from evidence introduced before this court. Therefore if the United States Attorney and the counsel for the claimant intend to present the same evidence on that issue as they presented before the deputy commissioner, they must bring the same witnesses in here and let me hear them. The transcript of the proceedings before the deputy commissioner will be received in evidence because the petitioner's pleadings herein challenge not only the jurisdictional fact upon which this trial de novo is to be had, but also other findings of the deputy commissioner. I must review the transcript if I determine the question of jurisdiction adversely to the plaintiff. However, the question of jurisdiction must first be met by the introduction of testimony before this court.