**PITTSBURGH STEAMSHIP COMPANY, a West Virginia Corporation, Plaintiff, v. Leonard C. BROWN, Deputy Commissioner, Federal Security Agency, Bureau of Employees' Compensation, Tenth Compensation District, and Myrtle Bundo Kochen Denessen, Defendants.**

No. 46 C 1705.

United States District Court
N. D. Illinois, E. D.

March 24, 1947.

Knapp, Cushing, Hershberger & Stevenson, of Chicago, Ill., for plaintiff.

Walker Butler, of Chicago, Ill., for defendant.

J. Albert Woll, of Chicago, Ill., for the Government.

CAMPBELL, District Judge.

The United States Attorney has today filed a brief on the question of burden of proof, relying chiefly on a recent Supreme Court decision in Cardillo v. Liberty Mutual Insurance Co. et al., 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028, and on Davis v. Department of Labor and Industries of the State of Washington, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. I find that these two cases do not in any way apply

288

to the question of burden of proof on which I ruled at the last hearing on March 12, 1947, Pittsburgh Steamship Co. v. Brown, D.C., 81 F.Supp. 285.

The Cardillo case involved the question whether the death of the decedent arose out of and in the course of employment under the District of Columbia Workmen's Compensation Act, D.C.Code 1940, §§ 36—501, 36—502, which, by Section 1, made the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applicable "in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs." Whether the accidental injury arose out of and in the course of employment, as I pointed out in my memorandum of February 6, 1947, Pittsburgh Steamship Co. v. Brown, D.C., 81 F.Supp. 284 was held by the Supreme Court in Voehl v. Indemnity Insurance Co., 1933, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245 to be not such a fundamental jurisdictional fact as required a trial de novo under the doctrine of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. On the contrary, as the Supreme Court said in the Cardillo case, citing the Voehl case, the Deputy Commissioner's finding that an injury did or did not arise out of and in the course of employment is conclusive "if supported by evidence and not inconsistent with the law."

The Davis case involved the twilight zone between the federal maritime jurisdiction and state jurisdiction in providing for workmen's compensation, and held that the state court had erroneously concluded that the state could not constitutionally make an award under the state compensation law to the widow of a workman drowned in a navigable river. The court said that since the case involved a borderline situation in which the constitutionality of a state statute was involved, it would rely upon the presumption of constitutionality and resolve all doubts in favor of the statute.

I therefore find nothing new in the Government's brief to change the opinion which I delivered from the bench on March 12.