PITTSBURGH S. S. CO. v. BROWN.

PITTSBURGH S. S. CO. v. KOCHEN.

Nos. 9442, 9443, 9446, 9447.

United States Court of Appeals
Seventh Circuit.

Nov. 22, 1948.

Otto Kerner, Jr., U.S. Atty., of Chicago, Ill., H. G. Morison, Asst. Atty. Gen., Leavenworth Colby and Alvin O. West, Attorneys, Department of Justice, Ward E. Boote, Chief Counsel, and Herbert P. Miller, Assistant Chief Counsel, Bureau of Employees' Compensation, and Paul A. Sweeney, Atty., Department of Justice, all of Washington, D. C., and Walker Butler and Victor M. Theis, both of Chicago, Ill., for appellants.

Carl A. Schipfer, McAlister Marshall and W. Alexander Eldridge, all of Cleveland, Ohio, and Harlan L. Hackbert, of Chicago, Ill. (McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, and George William Cottrell and Knapp, Cushing, Hershberger & Stevenson, all of Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and SPARKS and MINTON, Circuit Judges.

MAJOR, Chief Judge.

These appeals are from an order of the District Court in an action instituted by the plaintiff pursuant to the provisions of Sec. 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. § 921(b), seeking an injunction to restrain the enforcement of a compensation order theretofore entered by the defendant Leonard C. Brown, Deputy Commissioner. By the order sought to be set aside, the Deputy Commissioner after a hearing in which all interested parties participated awarded compensation as provided by the Act to the defendant Myrtle Kochen, the widow of Harry J. Kochen. The deceased was employed by the plaintiff on one of its ships located in winter quarters along the east bank of the Calumet River in South Chicago. In view of the questions raised before this court, we think there is no occasion to relate either the testimony heard by the Deputy Commissioner or the findings and conclusions upon which his compensation order was predicated.

The lower court, 81 F.Supp. 284, allowed plaintiff's motion for a trial de novo of the single issue as to whether the deceased lost his life as the result of an accidental injury occurring on the waters of the Calumet River, admittedly a public navigable waterway. Upon this issue the court held that the burden of proof was upon the claimant and refused to consider the transcript of testimony taken before the Deputy Commissioner relative to such issue. The court found:

"No evidence whatever was produced by or in behalf of the defendant, Myrtle Kochen, as Compensation Claimant, or by or in behalf of the defendant, Leonard C. Brown, as Deputy Commissioner, or either of them, at the Trial de Novo held before this Court on the 24th day of March, 1947, on the basic constitutional jurisdictional issue as to whether Harry J. Kochen, deceased, lost his life as the result of an accidental injury occurring upon the Calumet River, a public navigable waterway of the United States."

The court concluded that "they [defendants] and each of them have failed to sustain the Burden of Proof and, therefore, defendant, Leonard C. Brown, as Deputy Commissioner, is and was wholly without jurisdiction of the subject matter to make and file the Compensation Order and Award * * * and said Compensation Order and Award is wholly void, of no effect and should be set aside." Thereupon, the court awarded a permanent injunction enjoining the defendant, Leonard C. Brown, as Deputy Commissioner, from making any compensation award and order in favor of the defendant Myrtle Kochen

as compensation claimant and against the plaintiff as former employer of the said Harry J. Kochen, deceased, and also enjoining the defendant Myrtle Kochen from accepting any award or benefits under the Act arising out of the loss of life of the said Harry J. Kochen, deceased.

Thus, the questions for decision are (1) was the plaintiff entitled to a trial de novo before the District Court? (2) if the plaintiff was entitled to such a trial, did the court err in placing the burden of proof on the compensation claimant? and (3) did the court err in refusing to receive in evidence the transcript of testimony taken before the Deputy Commissioner as bearing upon the single issue in dispute?

The rulings of the District Court are based almost entirely upon the decision of the Supreme Court in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, which leaves no room for argument but that plaintiff was entitled to a trial de novo on the issue as to whether the injury occurred upon the navigable waters of the United States. This is tacitly conceded by defendants, but it is argued that the holding in that case no longer retains vitality in view of later decisions of the Supreme Court. A good portion of the briefs in the instant case are devoted to an analysis, discussion and interpretation of the opinion in the Crowell case; in fact, the argument before this court makes it appear that the contested issue is the holding of the Supreme Court in that case. The opinion in the Crowell case is lengthy and certainly no good purpose could be served in reviewing or quoting its language in detail. Its basic doctrine is well stated by plaintiff in its brief as follows:

First: That two constitutional jurisdictional facts are involved, viz.:

(1) Master and servant relationship;
(2) Occurrence on navigable waters.

When either or both of said fundamental issues are involved, the losing party before the Administrative Board (the Deputy Commissioner) is entitled to a trial de novo before the District Court.

Second: As to statutory jurisdictional issues of fact:

All remaining questions in applying the Longshoremen's Act such as:

(1) Whether injury arose out of and in course of employment;
(2) Nature of injuries;
(3) Extent of injuries;
(4) Consequences of injuries;
(5) Amount of compensation;
(6) Relationship to deceased, etc.

When any of such issues are involved, the losing party before the Deputy Commissioner is only entitled to have the record before the Deputy Commissioner reviewed by the District Court; whereupon the District Court may not weigh the evidence, but can only determine whether there was substantial evidence before the Deputy Commissioner to support his finding or findings. If so, the District Court must affirm.

In an effort to persuade us that this decision should not be followed, numerous law review articles and text book authorities are cited which have criticized the opinion. We need not go so far afield, however, to find criticism of the opinion because it was severely criticized at the time it was rendered in a dissenting opinion joined in by three members of the court. In our view, this criticism furnishes no justification for a refusal either on the part of this court or the lower court to follow it. Numerous cases are cited in support of the contention that the Crowell case no longer retains its vitality, the most important of which are Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, and Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801. A study of these cases, however, makes it plain that neither of the constitutional jurisdictional questions which the court considered in the Crowell case was involved. None of the cases relied upon by the defendants in this respect, including the two just referred to, furnish any substantial basis for the contention that the Crowell case is no longer binding upon inferior federal courts.

On the other hand, the Crowell case has been cited by the Supreme Court with approval. Shields v. Utah Idaho Central R. Co., 305 U.S. 177, 184, 59 S.Ct. 160, 83 L.

178

Ed. 111; Baltimore & O. R. Co., et al. v. United States, et al., 298 U.S. 349, 368, 56 S.Ct. 797, 80 L.Ed. 1209; Borax, Ltd. v. Los Angeles, 296 U.S. 10, 18, 56 S.Ct. 23, 80 L.Ed. 9. And it has been frequently followed by lower courts, including this court in South Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522, 523-525, which was affirmed by the Supreme Court, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732. See also Bassett, Deputy Commissioner v. Massman Const. Co., 8 Cir., 120 F.2d 230, 233; Wood Towing Co. v. Parker, 4 Cir., 76 F.2d 770, 772.

In our 'view, it is hardly open to question but that the court below correctly held that plaintiff was entitled to a trial de novo on the issue presented by its complaint for injunction, and such a trial contemplates what the term implies, a trial anew of the entire controversy, including the hearing of evidence, as though no previous action had been taken. Spano v. Western Fruit Growers, Inc., 10 Cir., 83 F.2d 150, 152; Bley v. Luebeck, 377 Ill. 50, 35 N.E.2d 334, 339; Fowler v. Young, Court of Appeals of Ohio, 77 Ohio App. 20, 65 N.E.2d 399. In the last cited case the court on page 406 'of 65 N.E.2d, stated:

"A trial de novo connotes an examination of testimony and an independent finding made as fully as though the action was originally instituted in that court, in which event it would be immaterial what errors were committed in the hearing before the board. Also it would be immaterial what the findings of the board were."

■ Thus, we have no difficulty in concluding that the court properly refused to receive the transcript of testimony taken before the Deputy Commissioner on the particular issue involved. In fact, the court's opinion in the Crowell case strongly supports such a conclusion. The court on page 64 of 285 U.S., page 297 of 52 S. Ct., stated:

"We think that the essential independence of the exercise of the judicial power of the United States in the enforcement of constitutional rights requires that the federal court should determine such an issue upon its own record and the facts elicited before it."

■ A trial de novo having been ordered upon the constitutional jurisdictional issue presented and the court being required to decide such issue upon its own record and the facts presented before it, the perplexing question remains as to which of the parties had the burden of proof. As already shown, the court below held that such burden was upon the defendants (the Deputy Commissioner and the claimant), and allowed the injunction for failure on their part to offer any testimony. Relative to this procedure, the court below in a memorandum opinion stated:

"A review of the opinions in the District Court in Benson v. Crowell, (33 F.2d 137 and 38 F.2d 306) which the Supreme Court affirmed, indicates that the parties are entitled to a new and judicial hearing upon jurisdictional facts in place of the administrative hearing which has already been had. There is not a hint in those opinions that the District Court would shift the burden of proof in the trial before it. On the contrary, I think it is clear, from reading the language of the District Judge in his opinion in Crowell v. Benson, that what he did and what Chief Justice Hughes approved of in his review of the case was to prescribe a completely new trial, the burden of proof before the court being where it was before the Commissioner, on only two of the jurisdictional issues." 81 F.Supp. 285.

We have read the opinions of the District Court, the Court of Appeals and the Supreme Court in Crowell v. Benson, and we find nothing to indicate that the burden of proof should be placed upon the Deputy Commissioner or the claimant; in fact, the opinion of the Supreme Court indicates rather strongly to the contrary. On page 63 of 285 U.S., page 297 of 52 S. Ct., the court stated:

"By providing for injunction proceedings, the Congress evidently contemplated a suit as in equity, and in such a suit the complainant would have full opportunity to plead and prove either that the injury did not occur upon the navigable waters of the United States or that the relation of master and servant did not exist, and hence

that the case lay outside the purview of the statute."

See also the dissenting opinion, page 74 of 285 U.S., page 301 of 52 S.Ct. The "complainant" referred to in this quotation is, of course, the party who brought the injunction proceedings.

In the instant case, the plaintiff in its complaint alleged, among other things:

"This complaint is filed by the plaintiff herein to set aside the Compensation Order and Award of Compensation through authorized proceedings on the ground that said Compensation Order and Award of Compensation is not in accordance with law * * *."

The plaintiff, among other things, prayed:

"That plaintiff be granted a new, separate and complete trial before this court on the issue as to whether Harry J. Kochen, deceased, former employee of the plaintiff, lost his life as the result of an accidental injury which took place on the navigable waters of the United States, which is basic and jurisdictional."

Thus, the statutory proceeding for injunction was instituted by the plaintiff as a separate and independent action and a trial de novo was ordered upon its request for a "new, separate and complete trial before this court." Under such circumstances, we are unable to discern any logical reason why the defendants should carry the burden of disproving what the plaintiff alleged as a basis for the relief sought. It is not a matter of shifting the burden of proof, as the lower court suggested, but of placing it upon the party who sought relief and at whose request a trial de novo was awarded. It is our judgment that the burden of proof was upon the plaintiff, and we so hold.

The order appealed from is, therefore, reversed and remanded, with directions to proceed in accordance with the views herein expressed.

SPARKS, Circuit Judge.
I concur in the result.