STATE OF VERMONT
ENVIRONMENTAL COURT

| | } | |
|---|---|---|
| In re Irish Construction Application | } | Docket No. 44-3-08 Vtec |
| | } | |

## Decision on Multiple Motions

Appellant-Applicant Kevin Irish ("Applicant") has appealed a decision of the Town of Bristol Zoning Board of Adjustment ("ZBA"), denying in part and granting in part Mr. Irish's application to construct a porch that wraps around the accessory apartment/garage structure located on his property at 269 Notch Road. Mr. Irish initially represented himself in this proceeding, but is now receiving assistance from Benjamin Putnam, Esq., who has filed a notice of limited appearance under V.R.C.P. 79.1(h). The Town of Bristol ("Town") is represented by William E. Flender, Esq. Interested Person Fred Schroeder has entered his appearance, pro se.

The Town has filed a motion for summary judgment, and Applicant has responded. Applicant has filed a motion to amend the Scheduling Order to allow Applicant to file his own motion for summary judgment regarding Questions 1 and 4 of the clarified Statement of Questions, and the Town has responded. We address both motions today.

## Factual Background

Most of the factual background for this case has already been described in this Court's September 9, 2008 Decision on Motions to Strike and Clarify, from which we incorporate those undisputed material facts by reference. To that description, we need only add the following facts, all of which we also understand to be undisputed, unless noted otherwise below:

**Procedural Facts Related to the Town's Motion for Summary Judgment:**

1.    Sometime before February 12, 2008,[1] the Town posted a public hearing notice to give warning that the ZBA planned to hold a hearing on the following: "Application #07-103 of Kevin Irish for construction of a wrap around porch addition to an apartment/garage located at 269 Notch Rd (Parcel #110116). [The] lot is in the Rural Agricultural 1 acre zoning district. Applicant is appealing the Zoning Administrator's decision to deny the application based on front yard and stream setback requirements."

---

[1]  Although it is unclear from the record before us when and where this posting occurred, the Town has submitted an affidavit noting that this hearing was "duly warned," and no other party has contested this claim.

2. On February 12, 2008, the ZBA held a public hearing on Mr. Irish's application. Mr. Irish appeared without counsel at that hearing and argued on behalf of his application.

3. The parties dispute what representations and arguments Mr. Irish did or did not make before the ZBA. It is clear, however, that at least some of the legal arguments presented by Mr. Irish's Statement of Questions did not arise during the course of the ZBA hearing.

**Procedural Facts Related to Applicant's Motion to Amend the Scheduling Order:**

4. On April 14, 2008, this Court held a pretrial hearing on this matter in accordance with V.R.E.C.P. 2(d). Mr. Irish represented himself at that hearing.

5. On May 12, 2008, the Court issued a Scheduling Order in which the parties stipulated that any pretrial motions must be filed by June 16, 2008.

6. On September 9, 2008, the Court issued a Decision on Motions to Strike and Clarify. In that Decision, we noted that Mr. Irish had until September 22, 2008, to file a response to the Town's motion for summary judgment. See id. at 1 n.1, 8.

7. On September 16, 2008, Mr. Irish for the first time retained counsel to represent him on a limited basis to address pretrial motions filed or to be filed in this appeal.

8. On September 22, 2008, in addition to responding to the Town's motion for summary judgment, Attorney Putnam filed a motion on behalf of Applicant to amend the Scheduling Order to allow Applicant to file his own motion for summary judgment. The Town opposed the motion to amend the Scheduling Order.

9. On November 25, 2008, this Court issued an Entry Order noting that we would rule on Applicant's motion to amend the Scheduling Order after we decided on the Town's pending summary judgment motion.

**Discussion**

Two motions are currently pending in this appeal. We address them in the order in which they were filed.

**I.     The Town's Motion for Summary Judgment**

Summary judgment may only be granted when "the pleadings, depositions, [and] answers to interrogatories, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Generally, the burden of proof is on the party requesting summary judgment.

2

Chapman v. Sparta, 167 Vt. 157, 159 (1997). In reviewing a motion for summary judgment, "the Court must consider the facts presented in the light most favorable to the nonmoving party." Madkour v. Zoltak, 2007 VT 14, ¶ 12, 181 Vt. 347.

The Town's motion for summary judgment asks this Court to limit our inquiry in this matter to legal arguments that were explicitly raised by the then-pro se Applicant in the municipal proceedings below. Alternatively, if we do not find that Applicant waived arguments by failing to present them to the municipal panel below, the Town asks this Court to remand this case to the ZBA to allow the ZBA to address legal arguments that were not previously raised when it first heard this matter. We address these issues in turn.

## A.    Whether Arguments Not Raised Below Are Waived

The main thrust of the Town's motion for summary judgment is the assertion that if legal arguments were not raised before the municipal panel below, those arguments are thereafter waived, thereby depriving this Court of jurisdiction to address them. Within the context of de novo proceedings, we disagree.

When an interested person brings a municipal appeal before this Court, and the appeal is "not on the record, as allowed under section 4471 of this title," the appellant "shall be entitled to a de novo trial." 24 V.S.A. § 4472(a); accord 10 V.S.A. § 8504(h) (recognizing the general rule that these appeals receive "a de novo hearing on those issues which have been appealed"); V.R.E.C.P. 5(g) ("All appeals under this rule shall be by trial de novo . . . ."). The appeal in this case is not on the record, and it is therefore entitled to a de novo hearing.

In a de novo hearing, we are directed to consider the pending application "'as though no action whatever had [previously] been held.'" Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978)). In Chioffi, the Vermont Supreme Court distinguished between the "de novo trial" or hearing required by 24 V.S.A. § 4472(a) and "de novo review." Id. at 11 n.2. The Supreme Court later described this distinction in detail:

> Our research indicates that most commentators and courts, including this Court, have distinguished between the terms "hearing de novo" or "trial de novo" and the term "review de novo." This Court directly addressed the distinction between these terms in Chioffi v. Winooski Zoning Board, 151 Vt. 9, 11 n.2 (1989). In that case, we defined the term "de novo trial," which is contained in 24 V.S.A. § 4472(a) to describe a zoning hearing before the superior court, as "'one where the case is heard as though no action whatever had been held prior thereto.'" Id. at 11 (quoting In re Poole, 136 Vt. 242, 245 (1978)). We explicitly noted that

"'de novo review,' a procedure that might not require a retrial or extensive judicial record making, is not the standard required by the statute." Id. at 11 n.2.

State v. Madison, 163 Vt. 360, 368–69 (1985) (parallel citations omitted).

In Madison, the Court went on to note that "the leading legal dictionary defines 'de novo' as 'anew' and 'afresh,' but defines 'de novo trial' as trying a matter anew 'as if it had not been heard before and as if no decision had been previously rendered.'" Id. at 370 (citing Black's Law Dictionary 392 (5th ed. 1979)).

Given that it is our duty to hold a de novo trial "as though no action whatever had [previously] been held," Chioffi, 151 Vt. at 11, we cannot heed the Town's request to delve into the details of what legal arguments were or were not made in previously held municipal proceedings. Such a procedure would in effect create a hybrid derivative of de novo and on-the-record trials, something for which we find no statutory foundation.

We have already addressed this issue in the context of Act 250 proceedings, where we noted that in a de novo hearing it is irrelevant whether a party raised a legal argument in earlier proceedings: "[E]ven though it appears undisputed that [the applicant] failed to raise the issue before the Commission below of which regional plan applies to its application, we have the authority, and the obligation, to determine which plan should be used . . . ." In re Gizmo Realty/VKR Assocs. LLC, No. 199-9-07 Vtec (Vt. Envtl. Ct. Apr. 30, 2008) (Durkin, J.). The Vermont Supreme Court reached a similar result when it upheld an appellant's decision to appeal four issues to the former Environmental Board, even though the appellant had only presented testimony on two of those issues at the District Commission level. In re Woodford Packers, Inc., 2003 VT 60, ¶ 6, 175 Vt. 579.

In allowing new issues to be raised, the Supreme Court in In re Woodford Packers simply noted that "the statute is clear that an appeal to the Environmental Board is heard de novo." Id. The statute is just as clear here. See 24 V.S.A. § 4472(a) (requiring a "de novo trial"). We therefore conclude that within the context of a de novo hearing on a zoning appeal, a party does not waive legal arguments applicable to the pending zoning application simply because that party did not specifically present those arguments when the municipal panel reviewed the pending application.

In addition to the legal barrier that prevents this Court from delving into the record of previously held municipal proceedings, we find a substantive practical barrier—namely, the fact

4

that there is often not any detailed record of such proceedings. Although municipal panels must keep minutes of their proceedings, see 24 V.S.A. § 4461(a), state law does not require them to record these proceedings or produce a transcript. Thus, in an appeal such as this one, which is not on the record, this Court has no accurate way of determining what legal arguments were or were not raised at the proceedings below. The Town attempts to overcome this barrier by producing an affidavit of one person's recollection of the municipal proceedings. However, we are not aware of any precedent for finding a waiver of legal rights based upon one person's recollection of an unrecorded proceeding. Indeed, it would be particularly problematic to rely on an affidavit as a substitute for an official record of certain proceedings when (as here) another party disputes what actually occurred. In such a case, we have no record available to resolve this dispute.

To conclude that a party had waived substantive legal rights, without an official record to support such a conclusion, would present serious due process concerns. This practical barrier to reviewing what occurred before the municipal panel provides yet another reason why we cannot adopt the Town's argument. The lack of an official record also provides further support for our legal conclusion that the Legislature did not intend to have this Court analyze whether arguments were or were not raised below. After all, if our Legislature had intended to have this Court find legal arguments waived when not presented before the municipal panel below, then surely the Legislature would have provided this Court with a reliable method of determining what occurred below.

When interpreting statutes, courts must aim to "discern and implement the intent of the Legislature." Merkel v. Nationwide Ins. Co., 166 Vt. 311, 314 (1997). The fact that the Legislature chose to allow municipal panels to hold hearings without the requirement of an official record or transcript supports the premise of how our de novo trial must be conducted; without a record, we are required to conduct the de novo trial anew, and what occurred at the municipal proceedings below is generally irrelevant to how we address the application and specific issues preserved for our review in the de novo appeal. See, e.g., Pittsburgh S.S. Co. v. Brown, 171 F.2d 175, 178 (7th Cir. 1948) (holding that even in situations where the proceedings below were recorded, it is proper for a court to refuse to receive a transcript of those proceedings because what occurred below should have no bearing on a de novo trial). Indeed, to the extent that the Legislature instituted the availability of a de novo trial in these types of appeals to ensure

5

that appellants receive an <u>independent</u> evaluation of the evidence presented to this Court, that intent would be frustrated by any reliance by this Court on what occurred at the earlier proceedings. Cf. <u>id</u>. (holding that a "trial de novo having been ordered," it was incumbent upon the court to decide issues "upon its own record and the facts presented before it").

We recently noted that previous testimony given before a municipal panel is irrelevant to a <u>de novo</u> proceeding before this Court. <u>JLD Properties – Wal-Mart Act 250 Land Use Permit</u>, No. 116-6-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Mar. 2, 2009) (Durkin, J.) (Entry Order); see also <u>In re JLD Properties – Wal-Mart St. Albans</u>, Nos. 242-10-06 Vtec, 92-5-07 Vtec, & 116-6-08 Vtec, slip op. at 17 (Vt. Envtl. Ct. Mar. 16, 2009) (Durkin, J.) (holding that in that case it was "irrelevant that there may have been conflicts of interest in the proceedings below").[2] Similarly, the legal arguments made before the municipal panel are irrelevant to an appealed municipal land use application reviewed in a <u>de novo</u> hearing by this Court. Thus, we have no need to review the record of those proceedings (if such a record even exists, which—as we have noted—is often not the case).

We note that our use of the term "irrelevant" here—in reference to what occurs at an unrecorded municipal hearing—does not run afoul of the Supreme Court's warning that "it is an overstatement to say that planning commission action here will be irrelevant." <u>In re Maple Tree Place</u>, 156 Vt. 494, 499 (1991). The Supreme Court's reference in <u>In re Maple Tree Place</u> to the "action" of the municipal panel is explained as follows:

> In <u>In re Duncan</u>, 155 Vt. 402 (1990), we held that the interpretation of a zoning ordinance by municipal zoning staff and the zoning board can be determinative in a close case as "the interpretation of [an ordinance] by the administrative body responsible for its execution." <u>Id</u>. at 408. Further, the . . . court is limited to consideration of the matters properly warned as before the local board. See <u>In re Torres</u>, 154 Vt. 233, 235 (1990).

<u>In re Maple Tree Place</u>, 156 Vt. at 499–500 (alteration in original) (parallel citations omitted).

Both of the Supreme Court's explanations here of "action" at the municipal level refer to documents that are required by law to be published: the interpretation of an ordinance must be laid out in the municipal panel's decision "issued in writing," 24 V.S.A. § 4464(b)(1), and made "a part of the public records," § 4464(b)(3); and the proper warning of a hearing requires a

---

[2] As discussed in <u>JLD Properties</u>, although overt violations of due process can trigger a remand, "'procedural defects in reaching a DRB decision are generally disregarded in a <u>de novo</u> appeal, because the court must make its own determination as to the questions of law or fact raised in the appeal.'" <u>Id</u>. (citing <u>In re JLD Properties – Wal Mart St. Albans</u>, No. 132-7-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Sept. 5, 2006) (Wright, J.)).

"public notice" that must be published, § 4464(a). Under general concepts of notice, it is reasonable for these <u>published</u> documents to have a bearing on a later action. However, we anticipate that it would be unreasonable—and perhaps impossible—to rely upon the unrecorded occurrences at a municipal hearing. Further, we glean from the oft-cited <u>Torres</u> decision that our focus should be on what the municipal panel "might" have done with a municipal land use application, implying that what the municipal panel actually did in response to the application cannot set limits on the legal issues raised in an appeal. <u>Torres</u>, 154 Vt. at 236. For these reasons, we do not read <u>Torres</u> or <u>In re Maple Tree Place</u> as establishing the legal doctrine espoused by the Town here. We conclude that the legal issues raised by a party in a <u>de novo</u> appeal to this Court are limited by the application under consideration, but not by the manner in which the municipal panel addressed that application below.

There are many reasons for granting appellants a <u>de novo</u> trial before the Environmental Court. Perhaps the most significant reason is to ensure that a party is not penalized for failing to ensure that a volunteer Board considers all legal issues presented by the application. Although municipal zoning hearings are quasi-judicial in nature, see <u>Chioffi</u>, 151 Vt. at 13, a recent article on municipal land use proceedings in Vermont noted that these proceedings are a far cry from a formal trial:

> In Vermont, hearings before a municipality's planning commission, zoning board, or development review board historically have been relatively informal affairs. Whether participants appear before the panel to propose development, to respond to an alleged zoning violation, [or] to object to a proposed project, they frequently will appear without legal representation and rarely will come armed with much more than a survey or building plans—sometimes only sketch drawings—of the property in question and/or the work to be done. At the hearing, participants typically will present an unrehearsed narrative describing their reasons for being there. Otherwise, no formal presentation or exhibits are prepared for or submitted at the meeting.

David R. Cooper, Esq., <u>"On the Record" Proceedings Before Municipal Panels: A Solution in Need of Fixing</u>, Vt. Bar J., Winter 2008/2009, at 45.

In saying this, we do not mean to cast aspersions on municipal hearings; in fact, there are many reasons why it is beneficial that municipal zoning proceedings are more informal than court proceedings. Indeed, the article cited above notes that "[f]or simple permit requests . . . the informal process often works very well, allowing the municipal panel to review the matter in a general fashion to ensure compliance with the town's zoning regulations and town plan, while

keeping the applicant's and the town's costs to a minimum." Id.; cf. also Knight Broad. of N.H. v. Kane, 109 N.H. 565, 567 (1969) (upholding de novo review of decisions by the Labor Commissioner because "[t]he evident purpose of the Legislature . . . was to provide a quick informal hearing with the right to either party to obtain a more formal and extensive hearing on appeal to the Superior Court").

Given the informal nature of municipal zoning hearings—and the benefits that often arise from keeping such hearings informal and not forcing every party to obtain representation for every permit request—it would be unworkable to require parties to raise every legal argument at the municipal level to avoid waiving such arguments if and when the application is appealed to this Court. We recognize some truth in the Town's claim that it is preferable for a municipal panel to have the first crack at addressing any and all legal issues that arise. After all, if issues are fully aired at the municipal level, the municipal panel is more likely to arrive at the correct outcome in the first instance, thereby lessening the chance that a costly appeal will be filed. Nevertheless, that is not the system that the Legislature has created with regard to municipal hearings. Rather, unless a Town engages in on-the-record proceedings, the Legislature has opted to grant de novo hearings on appeal. Although this unfortunately results in some legal arguments being raised for the first time when an application is appealed to this Court, the benefit is that municipal panels can remain informal proceedings, rather than legal battles at which every party requires an attorney to make binding determinations as to what issues and objections should be raised and when.

It appears as if the Town's waiver argument conflates the requirements for review by this Court in a de novo hearing with the exhaustion-type requirements for having an issue reviewed by the Supreme Court. When the Supreme Court hears an appeal, it is settled law that in general a party cannot raise issues that were not presented to the trial court. See, e.g., Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").[3] Indeed, the Supreme Court can find issues to be waived simply because they are inadequately briefed. King v. Gorczyk, 2003 VT 34, ¶ 21 n.5, 175 Vt. 220. These requirements make sense in the context of an appeal before the Vermont Supreme

---

[3] We note that this is the general rule, but exceptions can be made when constitutional issues are at stake. See, e.g., In re McMorrow, 133 Vt. 472, 474 (1975) (reaching a constitutional issue that was raised for the first time on appeal); cf. also In re JAM Golf, LLC, 2008 VT 110, ¶¶ 13–14 (recognizing that an applicant did not present a facial challenge to the ordinance at issue, but then proceeding to analyze a facial challenge to that ordinance and striking down the ordinance as unconstitutionally vague).

Court—at that point the parties have already tried the case before a lower court. Thus, when an appeal is filed after a hearing before this Court, the Supreme Court has explicitly prohibited the consideration of objections and related legal issues that were not raised during the trial before this Court, unless "extraordinary circumstances" can be shown. See 10 V.S.A. § 8505(b).

It is telling that the Legislature has created an explicit provision on the waiver of objections that are not raised before this Court, while saying nothing about arguments or objections being waived when they are not raised before a municipal panel. See In re Munson Earth Moving Corp., 169 Vt. 455, 465 (1999) ("Where the Legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the Legislature did so advisedly."). Here it is clear that the Legislature intended to impose exhaustion-type requirements only for arguments not raised before this Court, while still allowing municipal proceedings to remain informal and without drastic legal consequences for failing to raise arguments or objections at the appropriate time. Given that it is our duty to interpret statutes to "discern and implement the intent of the Legislature," Merkel, 166 Vt. at 314, we cannot find legal arguments to be waived in this type of situation.

Although the law is quite clear that a party does not waive legal arguments simply because that party failed to raise those arguments before the municipal panel, we do need to address a footnote in a Supreme Court opinion that seems to imply otherwise:

> Plaintiff also appears to have argued in the trial court that no setback requirements are applicable to an existing small lot. That issue of construction of the zoning ordinance was not raised to the zoning board—the application to the board was solely for a variance. Thus, the issue was waived. See In re Cumberland Farms, Inc., 151 Vt. 59, 60 n.1 (1989); cf. Montgomery v. Town of Sherburne, 147 Vt. 191, 196 (1986).

Blow v. Town of Berlin Zoning Adm'r, 151 Vt. 333, 335 n.1 (1989) (parallel citations omitted).

We cannot adopt the Town's interpretation of this footnote (or the cases cited within it) as a rewriting of the de novo standard of review so as to require this Court to scour the unofficial (or non-existent) record to determine whether arguments were or were not made before the municipal panel. Rather, we read this footnote in Blow as standing for the well-settled proposition that an application for one type of zoning approval cannot be converted into a wholly different application on appeal.

Since Blow, the Supreme Court has made it quite clear that consideration by this Court of applications not first considered by the appropriate municipal panel is prohibited: "The . . .

9

Zoning Board of Adjustment does not have the power to convert a hearing on a permitted use application into a hearing on a conditional use permit by simply allowing an amendment to the application, since such an amendment could never serve to provide public notice of the conditional use application, as required by [law]." Torres, 154 Vt. at 236. According to what is often called the Torres doctrine, if the municipal panel could not have done something because it was not properly noticed to the public, then the Environmental Court is also without power to do so. See id. at 235. Thus, when the Supreme Court referred to an issue being "waived" in Blow, we understand the Supreme Court to be restricting the legal issues we consider on appeal to those issues that are germane to the application first heard by the appropriate municipal panel, whether those issues were presented to that panel or not. This brings us to the next step in our analysis, where we must determine whether Applicant has raised issues that are outside the scope of what was properly warned for a hearing.

### B.       Whether a Remand Is Required or Appropriate

Although we do not find legal arguments to be waived simply because they were not raised before the municipal panel below, we must still determine whether the legal issues presented here relate to an application not yet considered by the Bristol ZBA.

### i.       Whether a Remand Is Required

There are limitations imposed upon this Court's jurisdiction; the first such limitation is the application that is the subject of the appealed-from decision below. We are limited to what the municipal panel could have done when it considered the application in the first instance. Torres, 154 Vt. at 235 ("[T]he reach of the [Environmental Court] in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but is not broader."). We have described the Torres doctrine as follows:

> This doctrine has been applied in numerous cases since Torres. See, e.g., In re John A. Russell Corp., 2003 VT 93, ¶ 29, 176 Vt. 520; In re Lorentz, 2003 VT 40, ¶ 4, 175 Vt. 522; Simendinger v. City of Barre, 171 Vt. 648, 651 (2001); Vill. of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993). Further, Torres and the subsequent decisions cited above note that this Court has the authority, in a duly perfected appeal, to do "whatever the zoning board of adjustment or the planning commission might have done with an application." Torres, 154 Vt. at 236 (emphasis added). However, the Supreme Court has cautioned that this Court "'must resist the impulse to view itself as a super planning commission.'" In re Maple Tree Place, 156 Vt. 494, 500 (1991) (quoting Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 13 (1989)). The Supreme Court also noted that courts should

10

decline to address "new issues never presented to the planning commission and on which interested persons have not spoken in the local process." Id. In these circumstances, "[u]se of the remand authority . . . is consistent with the court's role." Id. We are further cautioned that this Court exceeds its authority when it considers an application upon which the municipal panel never actually conducted a hearing or rendered a substantive determination. Simendinger, 171 Vt. at 652.

In re Honora Vineyard Application, No. 279-12-07 Vtec, slip op. at 11–12 (Vt. Envtl. Ct. Oct. 31, 2008) (Durkin, J.).

The Torres doctrine appropriately places great emphasis on what was properly warned for a hearing at the municipal level. See Torres, 154 Vt. at 235–36. To ensure that all potentially interested persons have the opportunity to participate in a municipal hearing, it is crucial that the public be given proper notice as to what actions might arise at that hearing. See In re Maple Tree Place, 156 Vt. at 500.

When an appeal is brought to this Court, the Court's role is to place itself in the shoes of the municipal panel at the time it considered the pending application. This is the crucial moment for the purpose of considering this Court's jurisdictional limitations. Once the initial notice of the municipal panel's consideration is sent out, there may be further notice to parties who actually appear in the municipal proceeding. But no further public notice on that application is required, by the municipal panel or this Court. Thus, when a project is so changed as to require a new application, the review of that project should begin again at the municipal level. See id.

Here, when the Town warned a public hearing on Mr. Irish's application, the Town posted a notice stating the following: "Application #07-103 of Kevin Irish for construction of a wrap around porch addition to an apartment/garage located at 269 Notch Rd (Parcel #110116). [The] lot is in the Rural Agricultural 1 acre zoning district. Applicant is appealing the Zoning Administrator's decision to deny the application based on front yard and stream setback requirements."

In this appeal from the determination made at that hearing, this Court must remain within the four corners of this public notice. See In re Maple Tree Place, 156 Vt. at 500 ("The [Environmental Court] is limited to consideration of the matters properly warned as before the local board." (citing Torres, 154 Vt. at 235)). We cannot address issues that were not properly warned for a hearing. Id. In short, within the context of the pending application, we can do

11

whatever the municipal panel "might" have done at a hearing warned in the way that this hearing was warned, but we can do no more. Torres, 154 Vt. at 235–36.[4]

The public notice at issue here was quite broad. It noted that Applicant was appealing the Zoning Administrator's determination that the proposed wrap-around porch would violate front yard and stream setback requirements. As we noted in detail in our September 9, 2008 Decision on Motions to Strike and Clarify, all four of the remaining Questions in this case (Questions 1, 3, 4, and 6) present this Court with a potential basis for finding that Applicant should be granted approval to construct his wrap-around porch. Applicant is not asking this Court to grant him a variance or to do anything else that was not properly warned for a hearing at the municipal level.[5] Rather, Applicant is merely putting forth arguments as to why the municipal panel in the first instance—and this Court on appeal—should grant him approval of his permit application. We find that each of these arguments, whether presented below or not, puts forth a basis on which the municipal panel "might" have ruled in Applicant's favor without going astray of what was properly warned for the municipal hearing. Torres, 154 Vt. at 236. Applicant's arguments are all within the scope of "matters properly warned" for a hearing at the municipal level. In re Maple Tree Place, 156 Vt. at 500. We therefore find no jurisdictional defects that would prevent this Court from addressing Applicant's arguments, and a remand to the ZBA is therefore not required. See Torres, 154 Vt. at 235–36.

### ii.     Whether a Remand Is Appropriate

Although we are not required to remand this case, the Town argues that we should exercise this Court's discretionary power to remand this application back to the ZBA to address certain issues in the first instance. The Town cites V.R.E.C.P. 5(i) as providing a vehicle for granting this remand request. As an initial matter, we note that it appears to be an open question

---

[4] This is assuming, of course, the absence of any other jurisdictional restraints. See Simendinger, 171 Vt. at 653 ("[P]roper notice may be a necessary, but it is not a sufficient, precondition to the court's exercise of authority."); see also Vill. of Woodstock, 160 Vt. at 424 (holding that if an issue is not preserved for appeal in a Statement of Questions, this Court is without jurisdiction to review it—a notion that is also stated in V.R.E.C.P. 5(f)). With regard to the issues addressed in our Decision today, we find that no other jurisdictional restraints are applicable.

[5] We do not find anything in Applicant's Statement of Questions as asking this Court to find that Applicant does not actually need the permit he sought before the municipal panel. To the extent that our September 9, 2008 Decision implied that Applicant's Question 3 argued that he did not need the permit he sought, we apologize for assuming that to be the case; further briefing from the Applicant has clarified that "Question 3 does not rely on the argument that no new permit is required for the porch." (Applicant's Opp'n to Town's Mot. Summ. J. at 9.) We therefore do not need to address whether that argument—the claim that no new permit was needed—could properly be raised before this Court in this appeal.

12

whether the Town qualifies as "the tribunal appealed from" as that term is used in V.R.E.C.P. 5(i). We read V.R.E.C.P. 5(i) as a practical tool to allow the specific body that made the determination on appeal to recognize a mistake that it made and request a "do over." Without any representation from the ZBA itself that it wishes to have this matter remanded and for what purpose, it is unclear whether V.R.E.C.P. 5(i) applies in this instance. That said, according to the Reporter's Notes to this Rule, the Court can presumably order this type of remand even without a request from a tribunal. See also In re Maple Tree Place, 156 Vt. at 498 (holding that courts have the inherent authority to issue a remand to a municipal panel).

The Rule itself grants significant discretion to this Court in determining whether a remand is appropriate in a particular case. See V.R.E.C.P. 5(i) (noting that the Court "may" issue a remand when requested, not that it shall). Further, the Supreme Court has noted that the use of remand "necessarily must be an area of trial court discretion." In re Maple Tree Place, 156 Vt. at 501.

We do not find this to be a case where a remand would be appropriate. As mentioned, the ZBA itself has not asked for a remand, and its initial decision was unanimous. Thus, unlike In re Maple Tree Place, where the initial vote "was close" and it was therefore "entirely possible" that a remand would result in a different outcome, id., in this case it is unlikely that the ZBA would do anything different than what it initially did. Finally, this case involves a number of difficult factual and legal issues that would likely be appealed again to this Court, even if a remand were granted. This appeal has already been before this Court for over a year, and we are familiar with the issues involved here. For these reasons, we decline to remand this case to the ZBA.

C.      Whether Summary Judgment Is Appropriate

As discussed above, we conclude that Applicant has not waived the legal arguments presented to this Court on appeal, that we have jurisdiction to review these arguments, and that a remand would not be appropriate here. As for the Town's other arguments as to why it should be granted summary judgment, we conclude that those arguments are also unavailing. Although the Town claims that it is undisputed that the waterway on Applicant's property is a "significant public water" under the Bristol Zoning Regulations, Applicant has noted that those Regulations do not actually define this term and that the waterway on his property is unnamed and sometimes dries up to almost a trickle that a person can easily step over. We are therefore presented with a

material factual dispute as to whether the waterway is "significant."[6] In light of this material factual dispute, we cannot grant summary judgment in favor of the Town on this issue. See V.R.C.P. 56(c)(3).

For all the reasons more fully discussed above, we hereby **DENY** the Town's motion for summary judgment.

## II. Applicant's Motion to Amend the Scheduling Order

In light of our denial of the Town's motion for summary judgment, we next address Applicant's motion to amend the Scheduling Order to file a motion for summary judgment with regard to Questions 1 and 4 of the clarified Statement of Questions. We noted in our November 25, 2008 Entry Order in this case that we would rule upon this issue once we had decided upon the Town's motion for summary judgment.

Although we understand the Town's frustrations regarding the lateness of Applicant's request to amend the Scheduling Order, we fail to see what purpose would be served by denying Applicant the opportunity to file a motion for summary judgment. Summary judgment is an important tool for avoiding the expense and ordeal of undergoing a trial when a merits hearing might be unnecessary. See, e.g., Safeway Ins. Co v. Hister, 710 N.E.2d 48, 51 (Ill. App. Ct. 1999) ("[Summary judgment] in a proper case is to be encouraged because its benefits inure not only to the litigants in the savings of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials."). Although the Town worries that an additional pretrial motion will delay the outcome of this case, it is also possible that such a motion (if it were to prevail) will resolve this case faster. We also note that Applicant had a right to ask for summary judgment in his favor in his response to the Town's motion for summary judgment. See V.R.C.P. 56 (c)(3) ("Summary judgment when appropriate may be rendered against the moving party."). Thus, Applicant's request is quite reasonable and does not delay matters in a way that prejudices the Town. Indeed, although the Town opposes Applicant's motion, we do not find any undue prejudice that would occur to the Town by granting this motion. For these reasons, we hereby **GRANT** Applicant's motion to amend the

---

[6] When we state here that this creates a material factual dispute, we are not yet addressing the question of whether this particular provision of the Bristol Zoning Regulations is enforceable. Applicant argues that this provision is not enforceable, since it lacks standards. Because we hold here that even if this provision is enforceable, the Town cannot prevail on summary judgment, we need not address whether this particular zoning provision is enforceable, and we express no opinion on that issue today.

14

Scheduling Order to file a motion for summary judgment with regard to Questions 1 and 4 of the clarified Statement of Questions.

### Conclusion

For all the reasons more fully discussed above, we **DENY** the Town's motion for summary judgment. In light of this ruling, and for the reasons discussed above, we **GRANT** Applicant's motion to amend the Scheduling Order to allow Applicant the opportunity to file a motion for summary judgment with regard to Questions 1 and 4 of the clarified Statement of Questions. Applicant has until April 24, 2009, to file this motion.

Done at Berlin, Vermont this 6th day of April 2009.


_____
Thomas S. Durkin, Environmental Judge